Kunz et al., Appellants, *v.*
Buckeye Union Ins. Co.; Ingram et al., Appellees.

[Cite as Kunz *v.* Buckeye Union Ins. Co. (1982), 1 Ohio St. 3d 79.]

(No. 81-1705—Decided July 21, 1982.)

*Messrs. Henderson, Deis & Wolf* and *Mr. Larry E. Deis,* for appellants.

*Messrs. Beckman, Lavercombe, Fox & Weil, Mr. Sidney Weil* and *Mr. Donald C. Moore,* for appellees.

*Per Curiam.* The issues posed within this cause are two-fold. The first query is whether the allegations in appellants' complaint sound in tort and are governed by R.C. 2305.09, the statute of limitations for certain tort claims, or whether the allegations sound in contract and are governed by R.C. 2305.07, the statute of limitations for actions upon a contract not in writing. Second, where such insurance as acquired by the agent for the insured is not as requested by the insured, when does a cause of action accrue for the failure to procure the coverage as requested.

The Court of Appeals determined that the four-year tort statute of limitations contained in R.C. 2305.09 applied to the facts of this cause, and stated in its opinion that:

"* * * the language of the complaint sets forth a cause of action in tort, not in contract. The complaint contains no reference to a contract, either express or implied, between Kunz and Ingram, or to the breach of any such contract. Rather, the complaint sounds in negligence."

We conclude that this interpretation of the nature of this action is a correct one. The instant action is roughly analogous to a malpractice action in which a party claims that his accountant, lawyer, or doctor has failed to perform the professional services that had been contractually bargained for. The relationship between the parties herein called for the performance of certain services by the insurance agent, and any breach thereof involved the agent's failure to secure the desired insurance coverage.

In that "[t]he ground of the action and the nature of the demand determine which statute of limitation is applicable" (*Peterson* v. *Teodosio* [1973], 34 Ohio St. 2d 161, 173 [63 O.O.2d 262], and *State, ex rel. Lien,* v. *House* [1944], 144 Ohio St. 238 [29 O.O. 399]), the Court of Appeals reasonably found that the instant action was grounded in tort.

The Court of Appeals, upon determining that R.C. 2305.09 applied, affirmed the trial court without discussing the second issue raised by appellants concerning when the cause of action accrued. Appellees argue that the statute of limitations began to run in 1970 when the disputed policy was issued, or at the very latest in 1973 when the policy was renewed. Appellees find support in *Squire* v. *Guardian Trust Co.* (1947), 79 Ohio App. 371 [35 O.O. 144], where it is stated, at page 389, that:

"Delayed damage is ineffective to delay the accrual of a cause of action predicated upon a wrongful act. The damage resulting therefrom is immediate. That its effect may not be apparent is unavailing to delay the operation of the statute of limitations."

Appellants urge this court to adopt the "delayed damage" theory rejected in *Squire* on the ground that prior to 1975 it had not been damaged and, therefore, had no viable cause of action against appellees. *Squire* is distinguishable from the case at bar in that the misdeeds of the bank directors in *Squire* caused immediate harm to the bank even though they were not discovered until much later, whereas in the instant case no actual loss occurred until 1975.

This court has not decided a case precisely on point. However, in *Austin* v. *Fulton Ins. Co.* (Alas.1968), 444 P. 2d 536, the Alaska Supreme Court considered whether a cause of action for negligent failure to provide coverage for damage due to an earthquake arose when the policy was delivered or when an earthquake caused property damage. In holding that the later date was controlling, the court stated, at page 539, that:

"* * * The statute of limitation as to torts does not usually begin to run until the tort is complete. A tort is ordinarily not complete until there has been an invasion of a legally protected interest of the plaintiff. Appellant's interest was in being protected against earthquake loss. There was no invasion, or infringement upon or impairment of such interest until there had been a loss by earthquake, because until that event occurred such protection could avail appellant nothing. His interest, which is legally protected, was in having such protection when it was needed, at the time of the loss and not before. Thus, in a case like this there must be an injury or harm to appellant as a consequence of appellees' negligence to serve as a basis for recovery of damages before the tort became actionable and before the period of limitation commenced to run."

The *Austin* rationale can be applied to this case. To paraphrase, there was no invasion, or infringement upon or impairment of such interest until there had been a loss to appellants' equipment because until that event occurred

such protection could avail appellants nothing. Their interest was in having protection when it was needed. The *Austin* rule is reasonable, and we hereby adopt it. To adopt the position of the lower courts would in essence require an insured to consult legal counsel whenever he consolidated or renewed an insurance policy so as to avoid statute of limitations problems when a claim eventually arises.

Based on all the foregoing, we hold that the Court of Appeals was correct in finding that the applicable statute of limitations was R.C. 2305.09(D), but that the cause of action did not accrue and such statute of limitations did not begin to run until April 21, 1975, the date of the job accident involving the Bucyrus-Erie crane.

We reverse the judgment of the Court of Appeals and remand this action to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, HOLMES and C. BROWN, JJ., concur.

LOCHER and KRUPANSKY, JJ., dissent.

KRUPANSKY, J., dissenting. While I agree the instant action was grounded in tort, I disagree with the majority as to when the cause of action accrued. I, therefore, respectfully dissent.

In my opinion, appellants' cause of action accrued at the latest on April 1, 1973, the date appellants renewed the policy. It was on that date appellees allegedly committed a wrongful act by failing to procure the requested coverage. At that point, appellants had a right of action against appellees. If they had discovered the omission which was apparent on the face of their policy, they could have pursued appellees for the difference in value between a policy which included the requested coverage and the value of the policy as issued. Since the alleged wrongful act and the accrual of appellants' right of action occurred more than four years before appellants filed the instant lawsuit, appellants' suit is barred by the statute of limitations. I would, therefore, affirm the judgment of the Court of Appeals.

LOCHER, J., concurs in the foregoing dissenting opinion.