OPINION
David B. and Sharon A. Tobias appeal from judgments of the Greene County Court of Common Pleas which granted summary judgment in favor of American States Insurance Company ("American") and granted a directed verdict in favor of Al Neff Insurance and Alvin G. Neff (hereinafter collectively referred to as "Neff").
The facts and procedural history are as follows.
At all times pertinent to this appeal, the Tobiases owned a home at 410 Colonial Drive in Xenia. In June 1992, the Tobiases moved to Wilmington and put the Colonial Drive residence up for sale. The Tobiases had obtained insurance on both properties, as well as other business and personal properties through Neff, an independent insurance agent. The Colonial Drive residence was eventually listed for sale with Majestic Investments Real Estate, Inc. and its principal, Gary Shaeffer (hereinafter collectively referred to as "Shaeffer").
The Tobiases had purchased and maintained a homeowners' insurance policy on the Colonial Drive residence through Neff for a number of years before moving from the residence ("the homeowners' policy"). The policy was issued by American and contained a provision calling for the automatic renewal of the policy annually until canceled. Pursuant to this provision, the policy was renewed in November 1992 even though the house was vacant at that time.
Sometime before the next renewal date in November 1993, American learned, presumably through Neff, that the Colonial Drive residence was vacant, and it refused to renew the existing homeowners' policy. In place of the homeowners' policy, American issued a fire dwelling policy that provided less coverage than the homeowners' policy. The Tobiases claim that they were never informed of this change. Insofar as it is pertinent to this appeal, the homeowners' policy differed from the fire dwelling policy in that the homeowners' policy provided coverage for water damage and the fire dwelling policy did not.
On January 10, 1994, the Colonial Drive residence suffered extensive water damage due to water pipes that had frozen and burst. The next day, an adjuster from American informed the Tobiases that the water damage was not covered by their existing policy.
On February 26, 1996, the Tobiases filed a complaint against American, Neff, and Shaeffer. The claims against Neff were based on Neff's alleged negligent or reckless failure "to maintain insurance on the residence at the same level as previously approved by Plaintiffs and to inform Plaintiffs of any modifications." The claims against American were based upon Neff's alleged negligent or reckless acts within the scope of his employment, American's alleged negligent or reckless failure to inform the Tobiases of the cancellation or modification of their policy, and American's bad faith in handling the settlement of the claim. The Tobiases' claim against Shaeffer alleged that Shaeffer had been hired to care for the Colonial Drive residence and that he had negligently or recklessly permitted someone to enter the property and to turn down or turn off the heat, thereby causing the pipes to freeze.
Shaeffer filed a motion for summary judgment in which he argued that the parties' listing agreement had only obligated Shaeffer to try to sell the property and that evidence of a more extensive agreement to care for the property was barred by the parol evidence rule. American also filed a motion for summary judgment. Conceding for the purpose of summary judgment that the homeowners' policy on the Colonial Drive residence had not been validly canceled, American argued that the Tobiases' claim was barred by the contractual provision requiring an action against the company to be brought within one year. The trial court granted American's motion for summary judgment and overruled Shaeffer's motion.
The case against Neff and Shaeffer proceeded to trial in June 1997. At the outset, the trial court instructed the jury regarding certain statements of fact that it was "to consider as being established in this case already without further evidence," including the cause of the frozen pipes. After the Tobiases' opening statement, Neff moved for a directed verdict on the basis that the Tobiases had failed to state that they would prove that they could have recovered under the homeowners' policy if it had still been in effect at the time of the water damage. Specifically, Neff claimed that the Tobiases' had failed to state that they would prove that they had exercised reasonable care to prevent the freezing of the pipes in the vacant home by turning off the water or assuring adequate heat, a prerequisite to coverage under the homeowners' policy. The trial court granted a directed verdict. The Tobiases then requested that the remaining claim against Shaeffer be dismissed without prejudice pursuant to Civ.R. 41(A)(2), and the request was granted.
The Tobiases assert two assignments of error on appeal, and Sheaffer raises two assignments of error on cross-appeal. The Tobiases' first assignment of error is as follows.
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AS THIS WAS A TORT CLAIM CONCERNING THE ACTIONS OF AN AGENT, NOT AN ACTION ON A CONTRACT OF INSURANCE, THEREFORE, THE FOUR YEAR STATUTE OF LIMITATION UNDER R.C. 2305.09(D) APPLIES.
The Tobiases' claim that the trial court erred in dismissing their claim against American based on the insurance contract's provision that any lawsuit against the company must be started within one year of the loss forming the basis of the action. The Tobiases claim that their action was one in tort, not in contract, and that the four year limitations period set forth in R.C.2305.09(D) applied.
The Tobiases' complaint alleged that American had been "negligent and/or reckless" because it had "never notified Plaintiffs of the cancellation or modification of [the homeowners' policy], thereby causing Plaintiffs to believe that said policy was still in effect." Written notice of any change, cancellation, or non-renewal of the policy was required by the contract. Thus, American's obligation to notify the Tobiases of the purported change in their insurance coverage was a contractual obligation, not a "duty" as that term is used in the context of tort actions. The Tobiases' characterization of their claim as one of negligence or recklessness does not change the fact that American's obligation was rooted in the contract and that its alleged failure is not amenable to an action in tort. See Hambleton v. R.G. BarryCorp. (1984), 12 Ohio St.3d 179, 183. As such, R.C. 2305.09(D) did not apply.
We are unpersuaded by the Tobiases' contention that Kunz v.Buckeye Union Ins. Co. (1982), 1 Ohio St.3d 79, requires us to apply R.C. 2305.09(D) to its claim against American. See, also,Kunz v. Buckeye Union Ins. Co. (Sept. 23, 1981), Hamilton App. No. C-800531, unreported. Kunz involved the appeal of a summary judgment in favor of an insurance agent who was alleged to have negligently failed to obtain the coverage requested by the insured. The supreme court found that the complaint, which made no reference to a contract or to a breach of contract, set forth a cause of action in tort against the agent for failure to provide bargained-for professional services. The appellant had not appealed the trial court's dismissal of his claim against the insurance company, which was based on his failure to follow the contractual one-year limitation of actions provision in the policy. Thus, Kunz does not require us to apply R.C. 2305.09(D) to the Tobiases' action against American. Indeed, the trial court's action in this case as it pertains to American is identical to the unappealed action of the trial court as to the insurance company in Kunz.
For the purpose of summary judgment, we must presume that the Tobiases did not receive notice from American or from Neff that their insurance coverage on the Colonial Drive residence had been changed. According to the terms of the original insurance contract, a proposed change, modification, or cancellation was invalid without proper notice. Thus, the failure of notice would have invalidated the proposed change, i.e., the cancellation of the homeowners' policy and substitution of a fire dwelling policy providing less coverage. Under this circumstance, the homeowners' policy would have renewed automatically pursuant to the parties' agreement, and the Tobiases would have been covered under the terms of the homeowners' policy at the time of the water damage to their home.
The homeowners' policy provided that "[n]o action can be brought [against the insurer] unless the policy provisions have been complied with and the action is started within one year after the date of the loss." The trial court found that this contractual limitation was reasonable and unambiguous. The water damage to the Tobias home was discovered on January 10, 1994, and their claim for insurance coverage was denied shortly thereafter. The Tobiases did not file suit against American, however, until February 26, 1996. As such, the Tobiases failed to comply with the limitations provision in the homeowners' policy, and trial court did not err in granting summary judgment in favor of American. If the Tobiases did not receive proper notice of changes in their coverage, they were entitled to the benefit of their original agreement, but no more. To allow them to bring a claim beyond the limitations period specified in the original contract would unfairly expand the rights upon which the parties' had agreed.
The Tobiases also assert that their action sounded in tort because American was vicariously liable for the negligence of its agent, Neff, in failing to maintain the level of insurance coverage previously approved by the Tobiases and in failing to notify the Tobiases of changes in their policy. The Tobiases rely upon R.C. 3929.27, which provides:
 A person who solicits insurance and procures the application therefor shall be considered as the agent of the party, company, or association thereafter issuing a policy upon such application or a renewal thereof, despite any contrary provisions in the application or policy.
R.C. 3929.27 makes a solicitor of an insurance application the agent of the party issuing the policy upon such application only to the extent of the matters and questions contained in the application. Thomas v. Fields (Ohio App. 1964), 196 N.E.2d 103, 105. It does not make the solicitor the agent of the insurer for the duration of the policy of insurance or for all purposes. Id. at 105-106. The question, then, is whether an act of Neff, done within the scope of his agency, made American liable to the Tobiases in tort. We think not. A genuine issue of fact existed as to whether Neff was responsible, in whole or in part, for the failure to notify the Tobiases of the change in their insurance policy. Any responsibility he bore in this respect, however, was within the scope of his agency because it related to a modification of the terms of a policy upon its renewal, the type of representation contemplated by R.C. 3929.27. Even if Neff was responsible for the omission, however, and even if his failure to notify was attributable to American pursuant to R.C. 3929.27, the Tobiases, in order to recover from American, would have had to establish that had the homeowners' policy been in effect, they would have been able to recover under that policy. Because they failed to file an action against American within the one year limitation period contained in that policy, they were unable to make that showing, as discussed supra. Thus, there was no genuine issue of material fact that American was liable in tort for its agent's alleged failure to provide notice required by the contract. In short, while the four year period of limitations contained in R.C. 2305.09(D) may have applied to the Tobiases' vicarious liability claim against American based on Neff's negligence, the Tobiases' proof of this claim included their compliance with the one year contractual limitation period, which they could not demonstrate.
Whether Neff was negligent in failing to provide the bargained-for professional service of obtaining adequate insurance coverage for the Tobiases, a breach of duty outside the scope of his agency with any particular insurance company, and thus not imputable to American, is another question, and will be addressed in more detail infra.
The first assignment of error is overruled.
 II. THE TRIAL COURT ERRED IN GRANTING A DIRECTED VERDICT AS THE ALLEGATIONS CONTAINED IN THE PLAINTIFF'S COMPLAINT AND OPENING STATEMENT SET FORTH A JUSTICIABLE CAUSE OF ACTION IN NEGLIGENCE.
The Tobiases claim that the trial court erred in granting a directed verdict in favor of Neff after their opening statement based on the Tobiases' failure to allege in their complaint and assert in opening statement that they had exercised reasonable care to prevent frozen pipes in their vacant home. Such reasonable care was required by the homeowners' policy in order to obtain coverage for the bursting of water pipes and resultant water damage.
The Tobiases' action against Neff was for professional negligence in failing to maintain the level of insurance coverage they had requested and in failing to notify them of changes in their coverage. We discussed the failure to notify, supra. Where an insurance agent has negligently failed to procure the type or amount of coverage desired by an insured, the extent of the agent's liability is the amount the insured would have received from the insurer had the proper coverage been in place. Minor v.Allstate Ins. Co., Inc. (1996), 111 Ohio App.3d 16, 21. In other words, the insured is entitled to collect from the agent as if the requested insurance contract had been in effect. That being the case, we think it is axiomatic that the insured is entitled to no greater rights than he would have had under the proper insurance contract, if it had been in effect, and that any limitations that the contract would have placed on the insurance coverage inure to the benefit of the negligent insurance agent.
The Tobiases' homeowners' policy would have required them to bring any action for coverage within one year of a loss. In our view, Neff was entitled to the benefit of this limitation provision where the Tobiases sought to recover from Neff as if the contract had been in effect, even if the nature of the claim against Neff was in negligence. Thus, the Tobiases' claim against Neff was foreclosed by their failure to file an action against American within the limitation period in the homeowners' policy. Because we conclude that the Tobiases' action against Neff was foreclosed by their failure to file an action against American within the limitation provision in their homeowners' policy, we find it unnecessary to decide whether the Tobiases had put forth enough regarding the exercise of reasonable care to survive a motion for a directed verdict.
The Tobiases' second assignment of error is overruled.
Sheaffer's assignments of error on cross-appeal are as follows.
 I. THE EXTENT OF THE DUTY OWED BY A REALTOR PURSUANT TO A LISTING CONTRACT TO SELL REAL PROPERTY IS THE DUTY EXPRESSED BY CONTRACT AND DUTY INCIDENTAL TO THE COMPLETION OF THE OBLIGATION FOR WHICH THE CONTRACT WAS EXECUTED. A REALTOR IN A STANDARD CONTRACT FOR THE SALE OF PROPERTY IS NOT RESPONSIBLE FOR THE MAINTENANCE AND SAFE KEEPING OF THE PROPERTY NOR DOES THE REALTOR BECOME AND INSURER AGAINST DAMAGE TO THE PROPERTY WHILE IT IS LISTED FOR SALE.
 II. IN GRANTING OR DENYING A MOTION FOR SUMMARY JUDGMENT, THE TRIAL COURT SHOULD NOT FIND AS THE MATTERS OF ESTABLISHED FACT, FACTUAL MATTERS WHICH ARE NOT AT ISSUE AND NOT CONTESTED FOR THE SAKE OF ARGUMENT IN SUMMARY JUDGMENT.
Sheaffer objects to the trial court's statement to the jury that it should "accept as true and as having been established in this case" the fact that someone entered the Colonial Drive residence "and turned down or turned off the heat * * * with the result being the freezing and bursting of the water pipes, thus causing water damage to the residence." Sheaffer contends that a genuine issue of material fact existed regarding the cause of the frozen pipes and that the trial court erred in taking this issue from the jury based on facts which were stipulated for the purpose of summary judgment only.
The record demonstrates that Sheaffer's motion for summary judgment was denied and that the Tobiases' action against him was voluntarily dismissed at trial following the directed verdict in favor of Neff. Neither of these actions resulted in a final appealable order and, thus, we lack jurisdiction to consider the issues raised in Sheaffer's cross-appeal. For the purpose of avoiding error in any future proceedings, however, we note that any dispute about which there is a genuine issue of material fact may not be resolved on a motion for summary judgment, and that the facts stipulated solely for summary judgment purposes, or pronouncements by the trial court to the jury about "established" facts in the now concluded proceedings below are not the law of the case, or otherwise binding, in any future case involving the same parties.
Sheaffer's assignments of error are overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
William R. Ary
Mark R. Chilson
John A. Smalley
Larry A. Smith
Hon. Richard E. Parrott (by assignment)