[Cite as *Flagstar Bank, F.S.B., v. Airline Union's Mtge. Co.*, 128 Ohio St.3d 529, 2011-Ohio-1961.]

FLAGSTAR BANK, F.S.B., APPELLANT, *v.* AIRLINE UNION'S MORTGAGE

COMPANY ET AL.; REINHOLD, APPELLEE.

[Cite as *Flagstar Bank, F.S.B. v. Airline Union's Mtge. Co.,* 128 Ohio St.3d

529, 2011-Ohio-1961.]

*Statutes of limitations — R.C. 2305.09(D) — Professional negligence — Accrual*

*— Delayed-damages rule.*

(Nos. 2010-0508 and 2010-0511 — Submitted February 1, 2011 — Decided

April 27, 2011.)

CERTIFIED by and APPEAL from the Court of Appeals for Hamilton County,

No. C-090166.

_____

**SYLLABUS OF THE COURT**

A cause of action for professional negligence against a property appraiser
accrues on the date that the negligent act is committed, and the four-year
statute of limitations commences on that date. (R.C. 2305.09(D) and
*Investors REIT One v. Jacobs* (1989), 46 Ohio St.3d 176, 546 N.E.2d 206,
followed.)

_____

**LANZINGER, J.**

{¶ 1} We have accepted a certified-conflict question asking when the
statute of limitations begins to run against a property appraiser in a case involving
professional negligence. We hold that the four-year statute of limitations for
professional negligence, R.C. 2305.09(D), starts to run on the date of the alleged
negligent act, the date of accrual of the cause of action against the appraiser.

**Factual Background**

**{¶ 2}** The relevant facts of this case are not disputed. Appellee, John Reinhold, was an appraiser.[1] In 2001 and 2002, he performed appraisals on three properties that served as collateral for three separate mortgage loans made by Airline Union's Mortgage Company ("AUM"). The last of these appraisals was completed on June 12, 2002.

**{¶ 3}** In various transactions in 2001 and 2002, appellant, Flagstar Bank, FSB ("Flagstar"), purchased the mortgage loans from AUM after having received and reviewed Reinhold's three appraisals. According to Flagstar, it sold on the secondary market two of the mortgage loans on two of the properties that Reinhold had appraised. These properties were later subjected to foreclosure after the owners defaulted, leaving deficiency balances on both loans. The secondary creditors sought reimbursement from Flagstar, which paid the deficiencies on the two loans. Flagstar kept the mortgage loan on the third appraised property in its portfolio. After this property burned down, the owner defaulted, and the insurance proceeds from the fire left a deficiency balance on the third loan.

**{¶ 4}** On April 28, 2008, Flagstar filed a complaint against the initial lender, AUM, and the appraiser, Reinhold, alleging that the three property appraisals were materially inaccurate and that the actual fair market value of each property was significantly less than the appraised value.[2] Reinhold denied any negligence and filed a motion for summary judgment. He argued that the bank's claims were barred by the statute of limitations in R.C. 2305.09 because the complaint was filed more than four years after the appraisals were performed. Flagstar responded that the statute of limitations did not begin to run until after the bank sustained a compensable injury. The bank contended that it did not suffer actual damages until the properties were sold at foreclosure and there was a

1. According to his affidavit, Reinhold has retired.

2. The complaint also alleged similar claims against seven other individuals who, along with AUM, were later voluntarily dismissed and are not parties to this appeal.

deficiency balance or until the receipt of the insurance proceeds that were insufficient to cover the balance of the loan. Because the complaint was filed within four years of those dates, Flagstar maintained that the complaint was timely.

{¶ 5} The trial court determined that Flagstar was requesting that the court adopt a discovery rule with regard to claims for professional negligence. Citing cases in which courts had rejected a discovery rule for such claims, the trial court granted summary judgment to Reinhold. Flagstar appealed, but the First District Court of Appeals affirmed.

{¶ 6} We accepted the certified-conflict question and ordered the parties to brief the issue of whether under R.C. 2305.09(D) a cause of action for professional negligence accrues on the date that the negligent act is committed or on the date that the negligent act causes actual damages. 125 Ohio St.3d 1436, 2010-Ohio-2212, 927 N.E.2d 9. We also accepted Flagstar's discretionary appeal and consolidated it with the certified conflict. 125 Ohio St.3d 1437, 2010-Ohio-2212, 927 N.E.2d 10.

## Basic Principles for Statutes of Limitations

{¶ 7} Before addressing the specific statute of limitations in this case, we turn to basic principles that guide our analysis. Statutes of limitations serve a gate-keeping function for courts by " '(1) ensuring fairness to the defendant, (2) encouraging prompt prosecution of causes of action, (3) suppressing stale and fraudulent claims, and (4) avoiding the inconveniences engendered by delay— specifically, the difficulties of proof present in older cases.' " *Pratte v. Stewart*, 125 Ohio St.3d 473, 2010-Ohio-1860, 929 N.E.2d 415, ¶ 42, quoting *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 10. That being said, statutes of limitations are remedial in nature and are to be given a liberal construction to permit cases to be decided upon their merits, after a court indulges every reasonable presumption and resolves all doubts in

favor of giving, rather than denying, the plaintiff an opportunity to litigate. *Draher v. Walters* (1935), 130 Ohio St. 92, 94, 3 O.O. 121, 196 N.E. 884, overruled on other grounds, *Peters v. Moore* (1950), 154 Ohio St. 177, 42 O.O. 254, 93 N.E.2d 683.

### R.C. 2305.09(D)—Professional Negligence

{¶ 8}   The parties agree that the applicable statute of limitations for the claim of professional negligence is R.C. 2305.09(D), which provides:

{¶ 9}   "Except as provided for in division (C) of this section, an action for any of the following causes shall be brought within four years after the cause thereof accrued:

{¶ 10}   "* * *

{¶ 11} "(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 1304.35, 2305.10 to 2305.12, and 2305.14 of the Revised Code."

{¶ 12} The parties disagree about when the statute of limitations in R.C. 2305.09(D) begins to run.  The statute itself states only that an action must be brought within four years "after the cause thereof accrued."  Because the legislature did not define "accrue," we must determine when a cause of action accrues.  See *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 87, 4 OBR 335, 447 N.E.2d 727, citing *Harig v. Johns-Manville Prods. Corp.* (1978), 284 Md. 70, 75, 394 A.2d 299, 1 A.L.R.4th 105.

{¶ 13} The general rule is that a cause of action exists from the time the wrongful act is committed.  Id.; see also *Kerns v. Schoonmaker* (1831), 4 Ohio 331, syllabus ("Statute of limitations commences to run so soon as the injurious act complained of is perpetrated, although the actual injury is subsequent, and could not immediately operate").  However, in certain circumstances this court has determined that applying the general rule " 'would lead to the unconscionable result that the injured party's right to recovery can be barred by the statute of

limitations before he is even aware of its existence.' " *O'Stricker*, 4 Ohio St.3d at 87, 4 OBR 335, 447 N.E.2d 727, quoting *Wyler v. Tripi* (1971), 25 Ohio St.2d 164, 168, 54 O.O.2d 283, 267 N.E.2d 419.  As a result of these concerns, this court created an exception to the general rule, commonly known as the discovery rule.

### Discovery Rule

**{¶ 14}** The discovery rule provides that a cause of action does not arise until the plaintiff knows, or by the exercise of reasonable diligence should know, that he or she has been injured by the conduct of the defendant.  *Collins v. Sotka* (1998), 81 Ohio St.3d 506, 507, 692 N.E.2d 581.  The rule entails a two-pronged test—i.e., actual knowledge not just that one has been injured but also that the injury was caused by the conduct of the defendant.  *O'Stricker*, 4 Ohio St.3d at 90, 4 OBR 335, 447 N.E.2d 727.  A statute of limitations does not begin to run until both prongs have been satisfied.

**{¶ 15}** The discovery rule was first applied in Ohio in a case involving medical malpractice.  *Melnyk v. Cleveland Clinic* (1972), 32 Ohio St.2d 198, 61 O.O.2d 430, 290 N.E.2d 916.  Since then, it has been employed in a number of areas of the law.  See, e.g., *Skidmore & Hall v. Rottman* (1983), 5 Ohio St.3d 210, 5 OBR 453, 450 N.E.2d 684 (legal malpractice); *Oliver v. Kaiser Community Health Found.* (1983), 5 Ohio St.3d 111, 5 OBR 247, 449 N.E.2d 438 (medical malpractice); *O'Stricker* (bodily injury caused by exposure to asbestos); *Burgess v. Eli Lilly & Co.* (1993), 66 Ohio St.3d 59, 609 N.E.2d 140 (DES-related injuries); *Browning v. Burt* (1993), 66 Ohio St.3d 544, 613 N.E.2d 993 (negligence of a hospital in credentialing a physician).  The application of the discovery rule, however, is not uniform.  We have cautioned: "By its very nature, the discovery rule (concept) must be specially tailored to the particular context in which it is to be applied."  Id. at 559.

**{¶ 16}** This court specifically addressed the application of the discovery rule to a claim for professional negligence involving accountants in *Investors REIT One v. Jacobs* (1989), 46 Ohio St.3d 176, 546 N.E.2d 206. We determined that claims for accountant negligence were governed by R.C. 2305.09(D), the statute generally granting four years to file an action for tort claims not specifically covered in other sections of the Ohio Revised Code. Id. at 180. We also noted that R.C. 2305.09 expressly includes its own limited discovery rule: "If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered." Id. at 181. Because the General Assembly had not included general negligence claims within this limited discovery exception, we held that "[t]he discovery rule is not available to claims of professional negligence brought against accountants." Id. at paragraph 2a of the syllabus. We later reaffirmed this holding in *Grant Thornton v. Windsor House* (1991), 57 Ohio St.3d 158, 566 N.E.2d 1220.

**{¶ 17}** The Hamilton County Court of Appeals noted that it had previously held that *Investors REIT One* can be extended to claims of professional negligence against brokers, dealers, and appraisers. *Hater v. Gradison Div. of McDonald & Co. Securities, Inc.* (1995), 101 Ohio App.3d 99, 109, 655 N.E.2d 189. Because Flagstar's complaint alleged negligence of an appraiser, a type of professional negligence similar to these cases, the court of appeals relied on *Investors REIT One* and *Hater* and held that the complaint was untimely, not having been filed within four years of any of the appraisals performed by Reinhold.

**{¶ 18}** Flagstar, however, contends that *Hater* and *Investors REIT One* are distinguishable as discovery cases, while its own case is governed by the "delayed damages" rule.

**Delayed-Damages Rule**

**{¶ 19}** The delayed-damages rule concerns another timing issue: when all elements of a cause of action have come into existence. "To establish actionable negligence, one must show in addition to the existence of a duty, a breach of that duty and injury resulting proximately therefrom." *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265. Under the delayed-damages rule, "where the wrongful conduct complained of is not presently harmful, the cause of action does not accrue until actual damage occurs." *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 379, 23 O.O.3d 346, 433 N.E.2d 147. In other words, a cause of action for negligence is not complete, and the statute of limitations does not begin to run, until there has been an injury.

**{¶ 20}** The rule has been applied in a case involving home construction. "When negligence does not immediately result in damages, a cause of action for damages arising from negligent construction does not accrue until actual injury or damage ensues." Id. at paragraph two of the syllabus. We have also applied the rule to a case involving the purchase of insurance coverage, stating: " 'The statute of limitations as to torts does not usually begin to run until the tort is complete. A tort is ordinarily not complete until there has been an invasion of a legally protected interest of the plaintiff.' " *Kunz v. Buckeye Union Ins. Co.* (1982), 1 Ohio St.3d 79, 81, 1 OBR 117, 437 N.E.2d 1194, quoting *Austin v. Fulton Ins. Co.* (Alaska 1968), 444 P.2d 536, 539.

**{¶ 21}** Flagstar relies on these cases and argues that it did not suffer an infringement or impairment of its interest immediately. The bank argues that it was not damaged until it suffered a loss and thus that the statute did not begin to run until the appraised properties were sold at foreclosure and there were deficiency balances on the loans or until the receipt of the insurance proceeds left a deficiency balance. Flagstar contends that because the properties served as security for the loans, there might never have been any injury from Reinhold's alleged negligence if the owners had not defaulted on their loans. In other words,

although Reinhold's alleged negligent act occurred when the properties were appraised in 2001 and 2002, the tort was not complete until Flagstar was required to resort to insufficient collateral or to indemnify other creditors because of insufficient collateral.

## Conflict Cases

**{¶ 22}** Both the Fifth and Sixth District Courts of Appeals have applied the delayed-damages rule to claims for professional negligence. The Sixth District Court of Appeals accepted the delayed-damages rule in a case involving a certified public account who had failed to file certain forms with the Internal Revenue Service, causing the plaintiff to incur a tax penalty. *Gray v. Estate of Barry* (1995), 101 Ohio App.3d 764, 656 N.E.2d 729. In that case, the court of appeals held that there was no injury until the IRS levied a penalty. The Sixth District distinguished *Investors REIT One* on the basis of the case's being "not one of discovery" but rather "when a cause of action accrues." Id. at 768. The Fifth District Court of Appeals relied on *Gray* and held that a cause of action for negligence in tax preparation did not accrue until the plaintiffs were assessed tax deficiencies. *Fritz v. Bruner Cox, L.L.P.* (2001), 142 Ohio App.3d 664, 756 N.E.2d 740; see also *JP Morgan Chase Bank NA v. Lanning*, 5th Dist. No. 2007CA00223, 2008-Ohio-893, 2008 WL 588804 (a cause of action against a title agency for altering and recording a mortgage did not accrue until the bank filed a foreclosure action against the property owners, because the owners had not suffered an actual injury until then).

**{¶ 23}** In contrast, the First District Court of Appeals has declined to apply the delayed-damages rule to claims for professional negligence. *Hater*, 101 Ohio App.3d 99, 655 N.E.2d 189. It held: "The controlling law on this issue is, we believe, set forth in *REIT One*. By holding that the statute of limitations began to run 'when the allegedly negligent act was committed,' the court in *REIT One*, in our view, meant exactly that: the date upon which the tortfeasor committed the

tort, in other words, when the act or omission constituting the alleged professional malpractice occurred. Regardless of its validity or support in the common law of torts, the delayed-damage theory cannot, we believe, be used to circumvent the clear holding of *REIT One* by resurrecting the discovery rule in a different analytical guise." Id. at 110-111.

{¶ 24} This position has been adopted by other courts of appeals. See, e.g., *Riedel v. Houser* (1992), 79 Ohio App.3d 546, 549, 607 N.E.2d 894 (an attempted distinction between the discovery rule and the delayed-damages rule was rejected as a distinction without a difference); *Schnippel Constr. v. Profitt*, 3d Dist. No. 17-09-12, 2009-Ohio-5905, 2009 WL 3720585 (the delayed-damages rule was inapplicable to a claim for negligent misrepresentation involving adoption and execution of an employee benefit plan); *Fronczak v. Arthur Andersen, L.L.P.* (1997), 124 Ohio App.3d 240, 244, 705 N.E.2d 1283 (the delayed-damages theory was found to be implicitly rejected by the "broad language in *Investors REIT One*"); *Bell v. Holden Survey, Inc.* (Sept. 29, 2000), 7th Dist. No. 729, 2000 WL 1506494 (the delayed-damages rule was not applied to a claim for professional negligence against a surveyor); *James v. Partin*, 12th Dist. No. CA2001-11-086, 2002-Ohio-2602, 2002 WL 1058152 (the discovery rule and delayed-damages rule were inapplicable to claims of professional negligence).

### The Rule of *Investors REIT One*

{¶ 25} Both the discovery rule and the delayed-damages rule relate to when a cause of action for negligence accrues. Nevertheless, with regard to claims for professional negligence governed by R.C. 2305.09, this court has clearly stated that the cause of action accrues when the allegedly negligent act is committed. *Investors REIT One*, 46 Ohio St.3d at 182, 546 N.E.2d 206; *Grant Thornton*, 57 Ohio St.3d 158, 566 N.E.2d 1220. In *Investors REIT One*, we explicitly rejected the application of the discovery rule for these causes of actions.

Id. at paragraph two of the syllabus. We implicitly rejected the delayed-damages rule in *Grant Thornton*.

**{¶ 26}** In *Grant Thornton*, after repayment to the state of Ohio of $2.5 million was ordered against a nursing home, the nursing home counterclaimed against auditors for professional negligence. 57 Ohio St.3d at 159, 566 N.E.2d 1220. An audit had been completed in 1980, and the state had notified the nursing home of the state's overpayment of reimbursements in 1982. The court of appeals relied on *Kunz* to reverse the trial court's summary judgment in favor of the auditors and hold that the cause of action had not accrued until the state demanded repayment of the amount overpaid, because there had been no harm to the nursing home until then. *Alexander Grant & Co. v. Windsor House, Inc.* (Oct. 16, 1989), 7th Dist. No. 87 C.A. 187, 1989 WL 122538. We, however, determined that *Investors REIT One* governs claims for professional negligence and malpractice, and thus the four-year statute of limitations barred the claim. *Grant Thornton* at 160-161.

**{¶ 27}** We continue to adhere to the rule of law established in *Investors REIT One*. A cause of action for professional negligence accrues when the act is committed. Just as accountants do, appraisers perform services that for four years may subject them to negligence suits for the consequences of their professional acts. In this case, accepting any suggestion that the statute of limitations be reset for each purchase of a mortgage loan because the purchaser's damages may be delayed until some point in the future could lead to an unending statute of limitations. Given the volatile nature of the housing market in recent years, we believe that that position is inconsistent with the purposes of statutes of limitations: "(1) ensuring fairness to the defendant, (2) encouraging prompt prosecution of causes of action, (3) suppressing stale and fraudulent claims, and (4) avoiding the inconveniences engendered by delay—specifically, the

difficulties of proof present in older cases." *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 10.

{¶ 28} As a final matter, Flagstar argues that affirming the First District's decision would render R.C. 2305.09 unconstitutional because it would preclude recovery by injured parties before they suffer damages, thus violating Section 16, Article I of the Ohio Constitution, which provides, "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

{¶ 29} It is axiomatic that acts of the General Assembly are presumed valid under Ohio law and in cases of doubt should be held constitutional. *State v. Williams*, 126 Ohio St.3d 65, 2010-Ohio-2453, 930 N.E.2d 770, ¶ 20; *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59, paragraph one of the syllabus. The General Assembly exercised its authority to establish a reasonable time in which to bring a professional-negligence claim by providing four years to do so. R.C. 2305.09(D). The right-to-remedy clause protects against laws that completely foreclose a cause of action for injured plaintiffs or otherwise eliminate their ability to receive a meaningful remedy. *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 44. This court also rejected similar concerns over the right-to-remedy clause that were raised by the dissent in *Investors REIT One*, 46 Ohio St.3d at 183–184, 546 N.E.2d 206.

{¶ 30} Any alleged negligence by Reinhold in his property appraisals would have caused the loans to be less secure immediately. As acknowledged during oral argument, but for the appraisal, the loan would not have been made on the same terms that it was. Any cause of action for negligence accrued on the date of the appraisal, and the four-year statute of limitations began to run then.

Because Flagstar's complaint was not filed within four years of the completed appraisals, its claims were barred by the statute of limitations in R.C. 2305.09.

**Conclusion**

{¶ 31} Based on the foregoing, we answer the certified question by holding that a cause of action for professional negligence against a property appraiser accrues on the date that the negligent act is committed and the four-year statute of limitations commences on that date. The judgment of the Hamilton County Court of Appeals is affirmed.

Judgment affirmed.

O'CONNOR, C.J., and LUNDBERG STRATTON, CUPP, and MCGEE BROWN, JJ., concur.

PFEIFER and O'DONNELL, JJ., concur in judgment only.

_____

Thompson Hine, L.L.P., Scott A. King, and Terry W. Posey Jr., for appellant.

Crabbe, Brown & James, L.L.P., Brian E. Hurley, and Robert J. Gehring, for appellee.

Amer Cunningham Co., L.P.A., and Thomas R. Houlihan, urging reversal for amicus curiae Ohio Association for Justice.

Baker & Hostetler, L.L.P., John H. Burtch, and Gregory R. Flax, urging affirmance for amicus curiae Ohio Association of Realtors.

Montgomery, Rennie & Jonson, Ralph E. Burnham, and Matthew E. Stubbs, urging affirmance for amicus curiae Pamela J. Lawrentz.

_____