[Cite as *Chateau Estate Homes, L.L.C. v. Fifth Third Bank*, 2017-Ohio-6985.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CHATEAU ESTATE HOMES, LLC, | : | APPEAL NO. C-160703 |
| | | TRIAL NO. A-1600887 |
| and | : | |
| | | *O P I N I O N.* |
| TODD CLIFFORD, | : | |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| FIFTH THIRD BANK, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 28, 2017

*Kircher Law Office, LLC, Konrad Kircher* and *Ryan J. McGraw*, for Plaintiffs-Appellants,

*Keating Muething & Klekamp PLL, James E. Burke* and *Jacob D. Rhode*, for Defendant-Appellee.

**DETERS, Judge.**

{¶1}    Plaintiff-appellants Chateau Estate Homes LLC and Todd Clifford (collectively "Chateau") appeal a decision of the trial court granting summary judgment in favor of defendant-appellee Fifth Third Bank because the complaint was filed outside the applicable statute of limitations.  We find no merit in Chateau's two assignments of error, and we affirm the trial court's judgment.

## I.    Facts and Procedure

{¶2}    Chateau filed a complaint against Fifth Third alleging negligence, breach of contract, and breach of fiduciary duty, relating to the issuance of an insurance policy in 2007.  Clifford and his business partner, Joseph Fiore, formed and operated Chateau.  In July 2007, Clifford and Fiore on behalf of Chateau engaged Fifth Third to broker life insurance policies for them.  Chateau alleged that the parties had intended for these policies to be key man insurance for the purpose of providing funds to the company in the event of their deaths.  It further alleged that the operating agreement for Chateau required the proceeds of the life insurance policies to be distributed between the surviving spouse of the deceased member and Chateau.

{¶3}    According to Chateau, Fifth Third failed to follow Clifford and Fiore's instructions and mishandled the application process.  That failure caused the issuance of a $2 million life insurance policy as an individual policy on Fiore's life with Fiore as the owner and his wife, Mary Fiore, as the sole beneficiary.

{¶4}    The life insurance policy was issued on September 28, 2007.  The last document related to the policy was an "amendment to application" dated October 7,

2007. In that document, Fiore confirmed the terms of the life insurance policy, including naming himself as the owner and his wife as the sole beneficiary.

{¶5} Fiore died on February 13, 2012. Under the terms of the life insurance policy, the entire $2 million in proceeds went to Mary Fiore. Chateau contends that if the policy had been issued as key man insurance as the parties had intended, Mary Fiore would have received half of the proceeds and Chateau would have received the other half.

{¶6} Fifth Third filed a motion for summary judgment. In support of its motion, it filed the record of a previous lawsuit in Warren County, Ohio between Chateau and Mary Fiore involving numerous claims and counterclaims. One claim involved Chateau's assertion that it should have received half of the proceeds of Fiore's life insurance policy under the terms of its operating agreement. The court in that case granted summary judgment in favor of Mary Fiore based on the language of the operating agreement.

{¶7} The trial court rejected Fifth Third's argument that the issue of the parties' intent was barred by collateral estoppel because it had been decided in the previous case in Warren County. But the court found that the complaint was filed outside the six-year statute of limitations for the breach-of-contract claim and the four-year statute of limitations for the negligence claims because the cause of action accrued in October 2007 at the latest. Therefore, the complaint was time-barred. This appeal followed.

{¶8} In its first assignment of error, Chateau contends that the trial court erred in granting summary judgment in favor of Fifth Third on its claim for breach of contract. It argues that the cause of action did not accrue until it suffered actual damage as a result of the breach. Thus, the cause of action accrued in February 2012,

when the insurance proceeds from the policy on Fiore's life were paid entirely to Mary Fiore, rather than half to Chateau and half to Mary Fiore.

{¶9} In its second assignment of error, Chateau contends that the trial court erred in granting Fifth Third's motion for summary judgment on its claims for negligence and breach of fiduciary duty. Again, it contends that the cause of action did not accrue until it incurred actual damage at the time of Fiore's death in February 2012. We address these assignments together. We find no merit in Chateau's arguments.

## II. Standard of Review

{¶10} An appellate court reviews a trial court's ruling on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Evans v. Thrasher*, 1st Dist. Hamilton No. C-120783, 2013-Ohio-4776, ¶ 25. Summary judgment is appropriate if (1) no genuine issue of material fact exists for trial, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977); *Evans* at ¶ 25.

## III. The Gist of the Complaint Controls

{¶11} The trial court found that the six-year statute of limitations for contracts not in writing set forth in R.C. 2507.07 applied to the breach-of-contract claim. We disagree. Courts, including this one, have held that the statute of limitations to be applied is determined from the essential ground or gist of the complaint. *See Kunz v. Buckeye Union Ins. Co.*, 1 Ohio St.3d 79, 80-81, 437 N.E.2d

4

1194 (1982); *Fronczak v. Arthur Andersen, L.L.P.*, 124 Ohio App.3d 240, 245-246, 705 N.E.2d 1283 (10th Dist.1997); *Elizabeth Gamble Deaconess Home Assn. v. Turner Constr. Co.*, 14 Ohio App.3d 281, 286-287, 470 N.E.2d 950 (1st Dist.1984).

{¶12} The factual basis of Chateau's breach-of-contract claim is exactly the same as that of its negligence claims: that Fifth Third was "engaged to procure key man life insurance for Chateau" and it issued a policy "on the life of Fiore with Fiore as the owner and his wife as the sole beneficiary." Therefore, the breach-of-contract claim was simply a restatement of the negligence and breach-of-fiduciary-duty claims, and the gist of the action was in tort. The four-year statute of limitations for actions for tort claims found in R.C. 2305.09(D) applied to the entire action. *See Kunz* at 80-81; *Fronczak* at 245-246; *Elizabeth Gamble* at 286-287.

### IV. Accrual of the Cause of Action

{¶13} As a general rule, a cause of action accrues at the time the wrongful act is committed. *Flagstar Bank, F.S.B. v. Airline Union's Mtge. Co.*, 128 Ohio St.3d 529, 2011-Ohio-1961, 947 N.E.2d 672, ¶ 13. An exception to the general rule is the discovery rule. It provides that a cause of action does not arise until the plaintiff knows, or by the exercise of reasonable diligence should know, that he or she has been injured by the defendant's conduct. *Id.* at ¶ 13-14. The discovery rule tolls the running of the statute of limitations. *LGR Realty, Inc. v Frank & London Ins. Agency*, 2016-Ohio-5044, 58 N.E.3d 1179, ¶ 14 (10th Dist.), *appeal allowed*, 148 Ohio St.3d 1425, 2017-Ohio-905, 71 N.E.3d 297.

{¶14} A related concept is the delayed-damages rule. Under that rule, "where the wrongful conduct complained of is not presently harmful, the cause of action does not accrue until actual damage occurs." *Flagstar* at ¶ 19, quoting *Velotta*

*v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 379, 433 N.E.2d 147 (1982). Unlike the discovery rule, the delayed-damages rule does not just toll the running of the statute of limitations, it adjusts when the cause of action accrues. *LGR Realty* at ¶ 14. "In other words, a cause of action for negligence is not complete, and the statute of limitations does not begin to run, until there has been an injury." *Flagstar* at ¶ 19.

### A. <u>Kunz v. Buckeye Union Ins. Co.</u> and the Delayed-Damages Rule

{¶15} Chateau relies on the delayed-damages rule, citing *Kunz,* 1 Ohio St.3d 79, 437 N.E.2d 1194. In that case, the insureds purchased insurance through an insurance agent on their business equipment, including a hyrdo-crane. Later, they discussed consolidating various policies on the equipment into a single omnibus policy. In April 1970, the agent presented the insureds with a consolidated policy, which the insureds believed provided the same coverage that they formerly had under the individual policies. The insureds renewed the policy in 1973.

{¶16} In April 1975, the hydro-crane was involved in a job site accident. The insurance company denied coverage, citing exclusionary provisions in the consolidated policy, which were not contained in the pre-1970 insurance policy on the hydro-crane.

{¶17} In April 1977, the insureds filed a complaint against the insurance company and the agent for failing to obtain the required coverage and failing to disclose a change in the coverage. The trial court granted the defendants' motion for summary judgment on the basis that the four-year statute of limitations had expired. The court of appeals affirmed the trial court's decision.

**{¶18}** The Ohio Supreme Court reversed the appellate court's decision, analogizing the cause of action to medical or legal malpractice. *Kunz*, 1 Ohio St.3d at 80, 437 N.E.2d 1194. It held that the insureds' cause of action did not accrue until they suffered an actual loss to their equipment in 1975. It stated, "[T]here was no invasion, or infringement upon or impairment of such interest until there had been a loss to [the insureds'] equipment because until that event occurred such protection could avail [the insureds] nothing. Their interest was in having protection when it was needed." *Id.* at 81-82.

### B. Later Supreme Court Precedent in Professional-Negligence Cases

**{¶19}** Chateau points out that *Kunz* has never been overruled. Fifth Third contends that it has been implicitly overruled by later Ohio Supreme Court cases. In *Investors REIT One v. Jacobs*, 46 Ohio St.3d 176, 546 N.E.2d 206 (1989), the court held that claims of negligence against an accountant were governed by the four-year statute of limitations for negligence found in R.C. 2305.09(D). *Id.* at 181. It noted that R.C. 2305.09 expressly included its own discovery rule, which did not apply to general negligence claims. *Id.* Therefore, the court held that the discovery rule "is not available to claims of professional negligence brought against accountants." *Id.* at paragraph 2a of the syllabus. As a result, it held that the statute of limitations began to run immediately when the acts of accounting negligence occurred. *Auckerman v. Rogers*, 2d Dist. Green No. 2011-CA-23, 2012-Ohio-23, ¶ 13. The Supreme Court later reaffirmed that holding in *Grant Thornton, Inc. v. Windsor House*, 57 Ohio St.3d 158, 160-161, 566 N.E.2d 1220 (1991).

**{¶20}** Subsequently, in *Flagstar*, 128 Ohio St.3d 529, 2011-Ohio-1961, 947 N.E.2d 672, the Supreme Court held that a cause of action for professional

negligence against an appraiser "accrues on the date that the negligent act is committed, and the four-year statute of limitations commences on that date." *Id.* at syllabus. The court briefly discussed *Kunz* and the delayed-damages rule and expressly refused to apply the rule in that case. It stated:

> Both the discovery rule and the delayed-damages rule relate to when a cause of action for negligence accrues. Nevertheless, with regard to claims for professional negligence under R.C. 2305.09, this court has clearly stated that the cause of action accrues when the allegedly negligent act is committed. * * * In *Investors REIT One*, we explicitly rejected the application of the discovery rule for these causes of actions. * * * We implicitly rejected the delayed-damages rule in *Grant Thornton*.

*Flagstar* at ¶ 25, citing *REIT One*, 46 Ohio St.3d at 182, 546 N.E.2d 206, and *Grant Thornton*, 57 Ohio St.3d 158, 566 N.E.2d 1220.

### C. Conflicting Appellate Court Cases

{¶21} In support of its argument that the delayed-damages rule applies in this case, Chateau relies upon *Vinecourt Landscaping, Inc. v. Kleve*, 11th Dist. Geauga No. 2013-G-3142, 2013-Ohio-5825. In that case, the plaintiffs brought a negligence action against their insurance agents for providing erroneous coverage. The Eleventh Appellate District held that the cause of action accrued not when the policy was issued, but when the plaintiffs were denied coverage. *Id.* at ¶ 26. The court relied on *Kunz*, holding that *Flagstar* did not implicitly overrule it. *Id.* at ¶ 23. *Accord LGR Realty*, 2016-Ohio-5044, 58 N.E.2d 1179, at ¶ 41. We disagree with the reasoning of *Vinecourt Landscaping*, and we, therefore, decline to follow it.

{¶22} Instead, we agree with the Second Appellate District in *Auckerman*, 2d Dist. Greene No. 2011-CA-23, 2012-Ohio-23, which also involved claims for negligence against an insurance agent. The court stated:

Having reviewed *Flagstar*, we conclude that the Ohio Supreme Court therein implicitly overruled *Kunz* with regard to the application of the delayed-damages rule in cases of professional negligence governed by R.C. 2305.09. In *Kunz* itself, the majority characterized a negligent-procurement claim against an insurance agent as one alleging negligent performance of "professional services." In *Flagstar*, the Ohio Supreme Court explicitly stated that "[a] cause of action for professional negligence accrues when the act is committed." It also foreclosed application of a discovery or delayed-damages rule in cases involving professional negligence governed by R.C. 2305.09. In so doing, it rejected the notion that the statute of limitations should not run "where damages may be delayed until some point in the future[.]"

Although the facts of *Flagstar* involved an appraiser's professional negligence, we see no principled reason why an insurance agent's professional negligence should be treated differently. Therefore relying on *Flagstar* (and *Investors REIT One*), we hold that the statute of limitations began to run on [the plaintiff's] negligent-procurement claim when she obtained her insurance policy. Because she filed her negligent-procurement claim against [the insurance agent] more than four years after that date, the trial court properly dismissed the claim as time-barred.

(Citations omitted.) *Auckerman* at ¶ 17-18.

### D. Our Case Law

{¶23} *Auckerman* is in line with our precedent. *Hater v. Gradison Div. of McDonald and Co. Securities, Inc.*, 101 Ohio App.3d 99, 655 N.E.2d 189 (1st Dist.1995), was decided after *Investors REIT One*, but before *Flagstar*. In that case, this court held that the reasoning of *Investors REIT One* could reasonably be extended to the claims of professional negligence brought against broker dealers and appraisers. *Id.* at 109. We held that the cause of action accrued at the time of the alleged negligent act and that neither the discovery rule nor the delayed-damages rule applied.

{¶24} We noted that the Supreme Court had explicitly rejected the application of the discovery rule in *Investors REIT One*. We stated that the distinction between the discovery rule and the delayed-damages rule is "a distinction without a difference." *Id.* at 110. We went on to state that "[r]egardless of its validity or support in the common law of torts, the delayed-damage theory cannot, we believe, be used to circumvent the clear holding of *REIT One* by resurrecting the discovery rule in a different analytical guise." *Id.* at 110-111.

### V. Summary

{¶25} Based on our analysis of the case law, we hold that the rule in *Investors REIT One* and *Flagstar* applies in this case. Therefore, the cause of action accrued at the latest in October 2007 when the alleged negligence occurred. Because Chateau's complaint was not filed within the four-year statute of limitations set forth in R.C. 2305.09(D), its claims for negligence, breach of fiduciary duty and breach of contract were time-barred. Fifth Third was entitled to judgment as a matter of law, and the trial court did not err in granting its motion for summary judgment.

10

Consequently, we overrule Chateau's first and second assignments of error and affirm the trial court's judgment.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its own entry this date.