DeWine, J., concurring.
*524 {¶ 32} I agree with the majority's determination that the cause of action accrued at the time the insurance policy was issued. I write separately to make explicit what is implicit in the majority's decision today: a cause of action for professional malpractice under R.C. 2305.09(D) will always accrue at the time of the negligent act.
{¶ 33} The majority concludes that under the facts of this case, a cause of action relating to the negligent procurement of an insurance policy accrues at the time the policy is issued. The result the majority reaches is in line with-actually, is mandated by-two prior decisions of this court: Investors REIT One v. Jacobs , 46 Ohio St.3d 176, 546 N.E.2d 206 (1989), and Flagstar Bank, F.S.B. v. Airline Union's Mtge. Co. , 128 Ohio St.3d 529, 2011-Ohio-1961, 947 N.E.2d 672. The result is also irreconcilable with a decision of this court that predates both those decisions, Kunz v. Buckeye Union Ins. Co. , 1 Ohio St.3d 79, 437 N.E.2d 1194 (1982). In Kunz , we held that a cause of action relating to the negligent procurement of an insurance policy accrued on the date that the insureds suffered property damage, not on the date that the policy was issued.
{¶ 34} The majority opinion states that because we do not need to reach the issue whether Kunz has any enduring validity to resolve the case, we will not do so. But it seems to me that we already have. It would be best for everyone if we would just say so.
*249 Kunz Applies the Delayed-Damage Rule
{¶ 35} Like this case, Kunz involved a lawsuit against an insurance agency and agent for the negligent procurement of insurance coverage. The insureds believed that they had "all-risk" coverage on a crane; but when the crane was involved in an accident, the insurance company denied coverage, citing certain exclusions in the policy. The question in Kunz , as in this case, was when the cause of action accrued for purposes of R.C. 2305.09. The insurance agency argued that the claim accrued on the date the policy was issued. The court, however, found that the delayed-damage rule applied and, thus, the cause of action "did not accrue and [the] statute of limitations did not begin to run" until the date of the accident. Kunz at 82, 437 N.E.2d 1194.
*525 Post-Kunz : We Hold that a Professional-Negligence Claim Accrues at the time of the Wrongful Act
{¶ 36} A few years after Kunz , we switched course. In Investors REIT , 46 Ohio St.3d 176, 546 N.E.2d 206, we considered professional-negligence claims brought against an accounting firm and its accountants. The issue was whether the claims accrued and the statute of limitations began to run at the time of the allegedly negligent accounting activities or at the time the injury was discovered. We rejected application of the discovery rule and held that the claim accrued and the statute of limitations "commenced to run when the allegedly negligent act was committed." Id. at 182, 546 N.E.2d 206. In reaching this result, we relied on the fact that "[t]he legislature's express inclusion of a discovery rule for certain torts arising under R.C. 2305.09, including fraud and conversion, implies the exclusion of other torts arising under the statute, including negligence." Id. at 181, 546 N.E.2d 206.
{¶ 37} Two years later, we decided Grant Thornton v. Windsor House, Inc. , 57 Ohio St.3d 158, 566 N.E.2d 1220 (1991). We framed the issue before us for review as "whether this court intends to stand by our 1989 decision in Investors REIT One v. Jacobs ." Grant Thornton at 160, 566 N.E.2d 1220. We answered in the affirmative and again held that the statute of limitations for accountant-professional-negligence claims begins to run from the time of the injury, not the time of discovery.
{¶ 38} In Flagstar , 128 Ohio St.3d 529, 2011-Ohio-1961, 947 N.E.2d 672, at ¶ 27, we made clear that the rule articulated in Investors REIT applies to all professional-negligence claims. The claim in Flagstar was that an appraiser had negligently performed real-property appraisals. The bank that had been injured by the faulty appraisals argued that the statute of limitations did not begin to run until it had suffered damage-for example, when some of the properties were sold at foreclosure, leaving a deficiency balance. The bank maintained that Investors REIT and Grant Thornton were distinguishable because those cases involved the discovery rule and the bank was relying upon the delayed-damage rule. We rejected that theory and held that neither the discovery rule nor the delayed-damage rule was applicable. We said:
Both the discovery rule and the delayed-damages rule relate to when a cause of action for negligence accrues. Nevertheless, with regard to claims for professional negligence governed by R.C. 2305.09, this court has clearly stated that the cause of action accrues when the allegedly negligent act is committed. * * *
* * *
*250 *526 We continue to adhere to the rule of law established in Investors REIT One . A cause of action for professional negligence accrues when the act is committed.
Flagstar at ¶ 25 and 27.
{¶ 39} Flagstar is fairly read as announcing a general rule that all professional-negligence claims governed by R.C. 2305.09(D) accrue at the time of the wrongful act. This holding is directly at odds with our decision in Kunz . But we did not say explicitly in Flagstar that we were overruling Kunz . (We even cited Kunz in Flagstar in a general discussion of the delayed-damage rule without saying anything about whether it had any continuing validity. Flagstar at ¶ 20.) Our failure to come out and say that we were overruling Kunz has proved to be a mistake.
Our Failure to be Explicit Has Caused Confusion
{¶ 40} The case before us today evidences the confusion wrought by our failure to say directly in earlier cases that Kunz was overruled. So do a host of conflicting lower-court decisions. For example, the First District and Second District Courts of Appeals concluded that in Flagstar , this court "implicitly overruled" Kunz. Chateau Estate Homes, L.L.C. v. Fifth Third Bank , 1st Dist., Hamilton No. C-160703, 2017-Ohio-6985, 95 N.E.3d 693, ¶ 22 ; Auckerman v. Rogers , 2d Dist. Greene No. 2011-CA-23, 2012-Ohio-23, 2012 WL 29345, ¶ 17. Accordingly, both courts held that the statute of limitations on a claim for the negligent procurement of an insurance policy began to run at the time the policy was issued. Chateau Estate at ¶ 25 ; Auckerman at ¶ 18. The Ninth District has also read Flagstar to hold that the discovery rule and delayed-damage rule do not apply to professional-negligence claims involving the procurement of insurance coverage. Infocision Mgt. Corp. v. Michael D. Sammy Ins. Agency, Inc. , 9th Dist. Summit No. 26939, 2014-Ohio-4653, 2014 WL 5361492, ¶ 28.
{¶ 41} In contrast, the Eleventh District-similar to the Tenth District in the instant case-has said that it will not "discard[ ] Kunz without an express pronouncement by the Supreme Court." Vinecourt Landscaping, Inc. v. Kleve , 11th Dist. Geauga No. 2013-G-3142, 2013-Ohio-5825, 2013 WL 6875468, ¶ 24. Thus, the court held that the statute of limitations began to run when the injury occurred, not when the negligent act occurred. Id. at ¶ 26.
We Ought to be Clear
{¶ 42} Unfortunately, the majority decision today lacks the "express pronouncement" that at least some lower courts are waiting for. Instead, the majority opinion states that because we do not need to reach the issue whether Kunz has any enduring validity to resolve this case, we will not do so.
*527 {¶ 43} But the majority's opinion today is yet more proof that Kunz has no enduring validity. There are no meaningful distinctions between the facts before the court today and those before the court in Kunz . In both cases, an insured received less coverage than it thought it had purchased, an injury occurred, coverage was denied, and a lawsuit was filed more than four years after the policy had issued.
{¶ 44} In today's decision, the majority holds that the insured "was damaged the moment it entered into the contract and became obligated to pay a premium" for a policy that provided "less than the coverage that it believed it would receive." Majority opinion at ¶ 28. Had today's rule been applied in Kunz , we would have been compelled to find that the claim there was barred by the statute of limitations. Had *251 the rule that was applied in Kunz been applied in today's case, LGR Realty's claim would not be barred by the statute of limitations. The majority's opinion today and the decision in Kunz cannot both be the law.
{¶ 45} Clarity matters. "Statutes of limitations foster important public policies: ensuring fairness to the defendant, encouraging prompt prosecution of causes of actions, suppressing stale and fraudulent claims, and avoiding the inconvenience engendered by delay and by the difficulty of proving older cases." Cundall v. U.S. Bank , 122 Ohio St.3d 188, 2009-Ohio-2523, 909 N.E.2d 1244, ¶ 22, citing O'Stricker v. Jim Walter Corp. , 4 Ohio St.3d 84, 88, 447 N.E.2d 727 (1983). It is critical, then, that there not be confusion as to when statutes of limitations begin to run.
Conclusion
{¶ 46} A cause of action for professional negligence under R.C. 2305.09(D) accrues at the time of the wrongful act. Kunz has been overruled. We should not be shy about saying so.
O'Connor, C.J., concurs in the foregoing opinion.