OEHLKE ET AL., APPELLEES, *v.* MARKS ET AL., APPELLEES; ET AL., APPELLANTS.

(No. 1623—Decided June 17, 1964.)

*Mr. Joseph Ujhelyi*, for appellee George M. Marks.
*Messrs. Beller & Toth*, for appellants.

DOYLE, J. This is an appeal on questions of law from a judgment entered upon the verdict of a jury in the Court of Common Pleas of Lorain County, sustaining the validity of the last will and testatment of Lena A. Oehlke, deceased, pursuant to the trial of an action to contest the will.

It is claimed that the court erred in not admitting "evidence of events and of the physical and mental condition of the testatrix within a reasonable time after the will." The appellants state that such evidence "is admissible as throwing light on the subject of undue influence and on her mental condition at the time of the execution of the will."

The case of *Kennedy, Exr.*, v. *Walcutt*, 118 Ohio St. 442, establishes the general rule that: "The mental condition of the testator at the time of making a will determines the testamentary capacity of such testator; and evidence of his mental and

physical condition within a reasonable time before and after the making of the will is admissible as throwing light on his mental condition at the time of the execution of the will in question.'' (Paragraph two of the syllabus of the cited case.)

While the above syllabus establishes the law governing the facts of that particular case, nevertheless, there is no agreed definition of the limit of time within which such prior or subsequent condition is to be considered. The circumstances of each case must furnish the varying criterion; and, in the nature of things, it must fall upon the judgment of the trial judge to determine the competency of the evidence depicting conditions and circumstances subsequent to the execution of a will. It falls to the reasonable judgment of the trial judge to determine whether the time is so remote, or whether the circumstances have so changed, that evidence of subsequent events would not be deemed satisfactory evidence tending to show the person's condition at the earlier period.

This court has examined the transcript of docket and journal entries, the bill of exceptions, and the briefs of counsel. From our study of the assigned errors in the light of the evidence and record (showing a drastic change of circumstances subsequent to the execution of the will), we are of the opinion, and so hold, that the claimed errors were not prejudicial to the rights of the contestants, and the judgment entered consonant to the verdict of the jury must be sustained.

*Judgment affirmed.*

HUNSICKER, P. J., and STEVENS, J., concur.