[Cite as *Young v. Bellamy*, 2017-Ohio-2994.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

KYMBERLI YOUNG

      Plaintiff-Appellant

-vs-

VERONICA DENISE BELLAMY,
EXECUTOR OF THE ESTATE OF
JESSE YOUNG, ET AL.

      Defendants-Appellees

JUDGES:
Hon. Patricia A. Delaney, P.J.
Hon. W. Scott Gwin, J.
Hon. William B. Hoffman, J.

Case No. 16CAF110051

O P I N I O N

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court of Common Pleas, Probate Division, Case No. 1506 0757 PCI

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     May 24, 2017

APPEARANCES:

For Plaintiff-Appellant

THOMAS M. TYACK
The Tyack Law Firm Co., L.P.A.
536 South High Street
Columbus, Ohio 43215

For Defendants-Appellees

JEFFREY D. MACKEY
Fusco, Mackey, Mathews & Gill, LLP
655 Cooper Road
Westerville, Ohio 43081

TIMOTHY G. CROWLEY
3620 North High Street, Suite 110
Columbus, Ohio 43214

*Hoffman, J.*

**{¶1}**    Plaintiff-appellant Kymberli Young appeals the October 18, 2016 Judgment Entry entered by the Delaware County Court of Common Pleas, Probate Division, which granted summary judgment in favor of defendants-appellees Veronica Denise Bellamy, Executor of the Estate of Jesse Young, et al., and dismissed Appellant's amended complaint.

STATEMENT OF THE FACTS AND CASE

**{¶2}**    Appellant is the granddaughter of Jesse Young ("Decedent").   Decedent died on January 29, 2015, at the age of 96 years.   Decedent's Last Will and Testament, which was executed on February 20, 2014 ("the Will"), was admitted to probate on March 12, 2015.   Pursuant to the terms of the Will, the trial court appointed Appellee Veronica Denise Bellamy ("Appellee Bellamy") as the Executor[1] of Decedent's Estate.

**{¶3}**    On June 25, 2015, Appellant filed a complaint, contesting the validity of the Will and naming Appellee Bellamy and Appellee Aris Reeves ("Appellee Reeves") as defendants.   Appellee Reeves is the daughter of Appellee Bellamy and Anthony Gene Young, one of Decedent's sons.[2,3]   Appellant filed an amended complaint on September 22, 2015, adding Appellee Bellamy in her fiduciary capacity of Executor of Decedent's Estate as a defendant.

---

[1] Although we believe the proper title for Appellee Bellamy should be "Executrix", because the trial court and the parties have used the title "Executor", we shall do that same.
[2] Appellee Bellamy and Anthony G. Young never married.   Anthony G. Young died in 2008.
[3] Paternity of Appellee Reeves was established through a CSEA Administrative Order filed in Franklin County, Ohio, on October 3, 2002.

{¶4} Appellees filed a motion for summary judgment on August 4, 2016. In support of their motion, Appellees attached, inter alia, the Affidavit of Appellee Bellamy; the Affidavit of Attorney Timothy G. Crowley, who served as Decedent's attorney from 1986, until his death, and who had drafted the Will; and the Affidavit of Sylvia W. Cover, who witnessed Decedent execute the Will. Appellees asserted there were no genuine issues of material fact as to Decedent's testamentary capacity on the date he executed the Will. Appellees added there were no genuine issues of material fact as to the existence of undue influence or the validity of the Will.

{¶5} Appellant filed a memorandum contra on August 26, 2016. Therein, Appellant contended, based upon the totality of the circumstances, jury questions existed as to Decedent's capacity as well as to whether he was the victim of undue influence from Appellee Bellamy. Appellant attached copies of judgment entries memorializing Appellee Bellamy's numerous felony convictions and sentences on forgery and theft charges, as well as her own Affidavit, in support of her position. In her Affidavit, Appellant described her involvement in the care of Decedent between 2008, and early 2014; Decedent's expressed desire to keep his property in his family; Decedent's acknowledgement he had no memory of executing a last will and testament in 2008, which left the residuary of his Estate to Appellee Bellamy; and Decedent's requesting Appellant contact an attorney to change the Will. Appellant further detailed events which she claimed established Appellee Bellamy was unduly influencing Decedent.

{¶6} Appellees filed a reply on September 6, 2016. Appellees attached excerpts from Appellant's April 28, 2016 deposition as well as the supplemental affidavit of Attorney Crowley. The magistrate conducted a pre-trial conference on September 20, 2016, at

which time counsel for Appellant was permitted to withdraw and Appellant waived her right to jury trial.

**{¶7}** The evidence presented during the summary judgment proceedings established Decedent had executed a number of last wills and testaments during his lifetime. Decedent executed last wills and testaments on March 30, 1977, and June 23, 1986, both of which named his wife and three children as beneficiaries. Following his wife's death on August 12, 2008[4], Decedent executed a new last will and testament on August 28, 2008. In that will, Decedent included specific monetary bequests to his neighbor, John M. Smith; his great-granddaughter, Chyna Young (Appellant's daughter); Appellant; his grandson, Arnold Young; his step-daughter, Helen J. Ellis; his step-granddaughters, Debra K. Peake and Tonya Peake; his step-daughters, Francine Jackson Martin and Linda Benbow; and his grandson, Robert Earl Young, Jr. Decedent left his 1991 Buick automobile to Appellee Reeves. In addition, Decedent devised and bequeathed his entire residuary estate to Appellee Bellamy. Also on August 28, 2008, Decedent executed a Durable General Power of Attorney, appointing Appellee Bellamy as his agent and attorney-in fact, and naming Appellee Reeves as the alternate agent.

**{¶8}** On August 11, 2011, Decedent executed a new last will and testament which did not contain any of the monetary bequests set forth in the 2008 will. Rather, Decedent bequeathed his 1991 Buick automobile to Chyna Young, and devised and bequeathed his entire residuary estate to Appellant. Also on August 11, 2011, Decedent executed a Durable General Power of Attorney, appointing Appellant as his agent and attorney-in-fact, and naming Chyna Young as the alternate agent.

---

[4] Decedent's three children had died between February 11, 2006, and March 16, 2007.

{¶9} On December 17, 2013, Decedent contacted Attorney Crowley and advised him he wished to remove Appellant as his power of attorney. Subsequently, on January 29, 2014, Decedent instructed Attorney Crowley to prepare a new power of attorney and a new last will and testament. Decedent indicated he did not want Appellant named as a beneficiary or appointed Executor of his Estate. Pursuant to Decedent's directives, the Will provided a specific bequest of $3,000.00 to his neighbor, and the balance of his estate through a specific bequest of personality and through the residue, in equal shares to Appellee Bellamy, whom Decedent referred to as his daughter-in-law, Appellee Reeves, and Chyna Young. Decedent reviewed a draft of the Will which was sent by e-mail from Attorney Crowley to Appellee Bellamy. During a conversation on February 19, 2014, Decedent advised Attorney Crowley no changes were needed to the draft document.

{¶10} Attorney Crowley and Sylvia Cover, a Notary Public, met with Decedent at his home on February 20, 2014. Decedent reviewed the Will and indicated it was prepared in accordance with his wishes. Appellee Bellamy arrived some time thereafter, and Decedent executed the Will.

{¶11} In her Affidavit in support of Appellees' motion for summary judgment, Sylvia Cover averred she conversed with Decedent on February 20, 2014, and found him to be "an engaging elderly man". Affidavit of Sylvia W. Cover at para. 5. Cover further stated Decedent understood the purpose of her and Attorney Crowley's visit. *Id.* Cover noted Decedent "appeared to be of sound mind and memory and he was not under restraint or duress of any kind whatsoever." *Id.* at para. 7. In his Affidavit in support of Appellees' motion for summary judgment, Attorney Crowley detailed his relationship with Decedent, which dated back to the 1970s. Attorney Crowley described Decedent's

various last wills and testaments and the contents thereof. Attorney Crowley recalled Decedent called him on December 17, 2013, wishing to revoke the power of attorney he had given to Appellant. In a subsequent call on January 29, 2014, Decedent advised Attorney Crowley he wished to remove Appellant as a beneficiary to, and the Executor of, his will. Attorney Crowley stated he drafted a new last will and testament according to Decedent's wishes. Attorney Crowley further noted Decedent had referred to Appellee Bellamy as his daughter-in-law as far back as 2008. Attorney Crowley reiterated Sylvia Cover's position Decedent was of sound mind and memory and not under restraint or duress of any kind when he executed the Will.

{¶12} Via judgment entry filed October 18, 2016, the trial court granted summary judgment in favor of Appellees. The trial court found Appellant failed to establish genuine issues of material fact existed as to whether Decedent was subject to undue influence and whether Decedent had the requisite capacity to make the Will.

{¶13} It is from this judgment entry, Appellant appeals, raising as her sole assignment of error:

{¶14} THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN THE WITHIN CAUSE TO THE DEFENDANT [SIC] WHERE THERE ARE DISPUTED ISSUES OF FACT MAKING SUMMARY JUDGMENT INAPPROPRIATE (JUDGMENT ENTRY FILED OCTOBER 19 [SIC], 2016).

I

{¶15} Civ.R. 56(C) provides:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *.

**{¶16}** As an appellate court reviewing summary judgment issues, we must stand in the shoes of the trial court and conduct our review on the same standard and evidence as the trial court. *Porter v. Ward,* Richland App. No. 07 CA 33, 2007-Ohio-5301, 2007 WL 2874308, ¶ 34, citing *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence that demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts

demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. A fact is material when it affects the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App.3d 301, 304, 733 N.E.2d 1186.

**{¶17}** Appellant specifically asserts the trial court erred in granting summary judgment to Appellees as genuine issues of material fact existed as to whether Decedent was unduly influenced and whether he possessed the requisite testamentary capacity.

UNDUE INFLUENCE

**{¶18}** A will which has been admitted to probate is presumed to have been made free from restraint. *Krischbaum v. Dillon* (1991), 58 Ohio St.3d 58, 64, 567 N.E.2d 1291. The contestants have the burden to prove undue influence. *Id.*

**{¶19}** To invalidate a will, undue influence "must so overpower and subjugate the mind of the testator as to destroy his free agency and make him express the will of another rather than his own, and the mere presence of influence is not sufficient." *West v. Henry,* 173 Ohio St. 498, 501, 184 N.E.2d 200 (1962). In addition, the "[u]ndue influence must be present or operative at the time of the execution of the will resulting in dispositions which the testator would not otherwise have made." *Id.* Proof of undue influence requires: (1) a susceptible testator; (2) another's opportunity to exert influence on the testator; (3) the fact of improper influence exerted or attempted; and (4) a result showing the effect of such influence. *Id.* at 510–511.

**{¶20}** The three affidavits Appellees filed in support of their motion for summary judgment underscore the trial court's finding Decedent was not under restraint or duress

when he executed the Will on February 20, 2014. All three affiants observed Decedent on the day he executed the Will. Decedent indicated to them the Will was prepared in accordance with his wishes. Decedent was talkative and aware of the goings-on around him. Appellant failed to present any evidence to refute the testimony of the witnesses to the signing of the Will Decedent did so free of coercion or duress.

{¶21} Appellant contends Decedent's inaccurately referring to Appellee Bellamy as his "daughter-in-law" evidences Appellee Bellamy's undue influence over him, and demonstrates Decedent was acting under a fraudulent misrepresentation. Appellant submits Appellee Bellamy acknowledged she was never married to Decedent's son, Anthony, yet she perpetuated Decedent's misrepresentation of her as his daughter-in-law. We find Decedent's referring to Appellee Bellamy as his daughter-in-law to have little probative value as to the issue of undue influence. Decedent had referred to Appellee Bellamy as his daughter-in-law many years prior to the execution of the Will. Attorney Crowley, who had known Decedent for decades, accepted the label as Decedent's polite and affectionate way of describing his relationship with the mother of one of his grandchildren, not out of confusion. The evidence revealed Decedent assisted Appellant Bellamy while she was incarcerated in 2000, by providing financial assistance to her older daughter for the care of Appellee Reaves. Decedent was clearly fond of Appellee Bellamy.

{¶22} We further note despite referring to Appellee Bellamy as his daughter-in-law as early as 2008, Decedent, nevertheless, removed Appellee Bellamy as the residual beneficiary in his 2008 last will and testament, and named Appellant the residual beneficiary in his 2011 last will and testament. Such fact supports the concept Decedent's

reference to Appellee Bellamy as his daughter-in-law, although legally incorrect, did not so influence his decision making process to change his last will and testament in 2011, to remove her as residual beneficiary.

**{¶23}** Appellant further asserts Appellee Bellamy's undue influence over Decedent is demonstrated by the fact, in 2014, she convinced Decedent Appellant was stealing money from him. Appellant maintains such a claim was false. Appellant refers to Appellee Bellamy's numerous felony convictions and sentences on forgery and theft charges, implying Appellee Bellamy is untrustworthy and capable of falsifying information. Appellee Bellamy was incarcerated at least a decade before this alleged incident. Decedent was aware of Appellee Bellamy's incarceration and, in fact, provided financial assistance to Appellee Reeves during that time. Appellant has failed to present any evidence Appellee Bellamy's criminal past weaved its way into her relationship with Decedent sufficient to support the claim of undue influence.

TESTAMENTARY CAPACITY

**{¶24}** The burden of proof in determining testamentary capacity is on the party contesting the will. *Kennedy v. Walcutt* (1928)*,* 118 Ohio St. 442, 161 N.E. 336, para. 6 of syllabus. R.C. 2107.74 creates a presumption of the validity of a will, and included in this presumption is that the testator was of sound mind and possessed testamentary capacity to execute the will. *Doyle v. Schott* (1989)*,* 65 Ohio App.3d 92, 94, 582 N.E.2d 1057. "The law recognizes that a testator whose mind is impaired "by disease or otherwise" can still have capacity to make a will. *West v. Knoppenberger* (Ohio Cir.Ct.1903)*,* 16 Ohio C.D. 168, 179.

**{¶25}** Testamentary capacity exists when the testator has sufficient mind to: (1) understand the nature of the business in which he is engaged; (2) comprehend generally the nature and extent of the property which constitutes his estate; (3) hold in his mind the names and identity of those who have natural claims on his bounty; and (4) appreciate his relation to the members of his family. *Niemes v. Niemes* (1917)*,* 97 Ohio St. 145, 119 N.E. 503, para. 4 of syllabus.

**{¶26}** The general rule is "[t]he mental condition of the testator at the time of making a will determines the testamentary capacity of the testator." *Oehlke v. Marks* (1964)*,* 2 Ohio App.2d 264, 265–266, 207 N.E.2d 676, quoting *Kennedy*, supra, at para. 2 of syllabus, overruled on other grounds by *Krischbaum*, supra.   Evidence of the testator's condition " 'within a reasonable time before and after the making of the will is admissible as throwing light on his mental condition at the time of the execution of the will in question'. " *Id.* What constitutes a "reasonable time" depends on the circumstances of the particular case. *Oehlke*, supra, at 266, 207 N.E.2d 676. The burden of proof in determining testamentary capacity is on the party contesting the will. *Kennedy*, supra, at para. 6 of syllabus.

**{¶27}** Attorney Crowley, Sylvia Cover, and Appellee Bellamy were with Decedent on the day he executed the Will.  All three individuals stated Decedent confirmed the Will was prepared in accordance with his wishes.  Not one of these individuals observed any indication Decedent lacked the capacity to execute the document.  In her Affidavit, Appellant stated Decedent's "intellectual ability varied", however, Appellant failed to present any evidence to establish on or around the day the Will was executed Decedent lacked capacity.  There was simply no evidence Decedent had insufficient capacity to

execute the Will.  The evidence presented by Appellant does not demonstrate the Will as finally executed failed to express the wishes and desires of Decedent.

{¶28} Further, in independently reviewing the record, we find Appellant relies solely on the self-serving allegations in her Affidavit that either Appellee Bellamy influenced Decedent into executing the Will or Decedent lacked the capacity to understand the distribution of his property under the Will.  It is undisputed Appellant was not present on February 20, 2014; therefore, is not otherwise competent to testify about Decedent's mental faculties at that time.

{¶29} Based upon the foregoing, we find the trial court did not err in granting summary judgment in favor of Appellees.

{¶30} Appellant's sole assignment of error is overruled.

{¶31} The judgment of the Delaware County Court of Common Pleas, Probate Division, is affirmed.

By: Hoffman, J.

Delaney, P.J.  and

Gwin, J. concur