[Cite as *Wallace v. Davies*, 2020-Ohio-93.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DAWN WALLACE, et al.

    Appellant

    v.

WILLIAM DAVIES

    Appellee

C.A. No.    29379

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2018-CV-93

DECISION AND JOURNAL ENTRY

Dated: January 15, 2020

HENSAL, Judge.

{¶1} Dawn Wallace appeals from the judgment of the Summit County Court of Common Pleas, Probate Division, granting summary judgment in favor of William Davies. This Court affirms.

I.

{¶2} This appeal stems from a will-contest action wherein Ms. Wallace and her four siblings contested a later-dated will of their mother, Bonnie Becker. By way of background, Ms. Becker was married to Mr. Davies until their divorce in 2015. On December 19, 2014, while they were married, Ms. Becker executed a will ("2014 Will"). In it, she devised all of her real and personal property to her five children equally, and appointed Ms. Wallace as the executor. The 2014 Will contained no provision for Mr. Davies. Then, on August 8, 2017, Ms. Becker executed a new will ("2017 Will"). In the 2017 Will, Ms. Becker devised 10% of her real and personal property to each of her five children, and devised the remaining 50% to a trust for the

benefit of her grandson, whom she had custody of. The 2017 Will appointed Mr. Davies as the trustee of that trust, and as the executor. Ms. Becker passed away weeks after she executed the 2017 Will.

{¶3} After she passed, Ms. Becker's five children filed a will-contest action, alleging, in part, that Ms. Becker was unduly influenced by Mr. Davies at the time she executed the 2017 Will, that she lacked the requisite testamentary capacity, and that the signature on the 2017 Will was not Ms. Becker's signature, or that it was procured as a result of fraud committed by Mr. Davies.

{¶4} Mr. Davies moved for summary judgment, arguing that there was no evidence of undue influence, that Ms. Becker had testamentary capacity, and that the signature on the 2017 Will was valid. The probate court granted Mr. Davies's motion. Ms. Wallace now appeals, raising one assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR

THE LOWER COURT ERRED IN GRANTING MOTION FOR SUMMARY
JUDGMENT IN FAVOR O[F] THE DEFENDANT/APPELLEE.

{¶5} In her assignment of error, Ms. Wallace argues that the probate court erred by granting summary judgment because a genuine issue of material fact remained as to whether Mr. Davies exerted undue influence over Ms. Becker. Ms. Wallace has not challenged the probate court's determination regarding Ms. Becker's testamentary capacity or the validity of her signature. This Court's analysis, therefore, will focus solely on the issue of undue influence.

{¶6} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Pursuant to Civil Rule 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

**{¶7}** The party moving for summary judgment bears the initial burden of demonstrating the absence of genuine issues of material facts concerning the essential elements of the non-moving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civil Rule 56(C). *Id.* at 292-293. If the moving party satisfies this burden, then the non-moving party has the reciprocal burden to demonstrate a genuine issue for trial remains. *Id.* at 293. The non-moving party may not rest upon the mere allegations or denials in her pleadings, but must point to or submit evidence of the type specified in Civil Rule 56(C). *Id.*; Civ.R. 56(E). We now turn to the law regarding undue influence.

**{¶8}** "The burden of proving undue influence is upon the contestants * * *." (Alterations sic.) *Young v. Conry*, 9th Dist. Lorain No. 12CA010152, 2013-Ohio-1223, ¶ 18, quoting *Krischbaum v. Dillon,* 58 Ohio St.3d 58, 64 (1991). "The essential elements of undue influence are: (1) a susceptible testator, (2) another's opportunity to exert influence on the testator, (3) the fact of improper influence exerted or attempted, and (4) a result showing the effect of such influence." *Daubel v. Dineen*, 9th Dist. Lorain No. 11CA009994, 2012-Ohio-5924, ¶ 34. "In the context of summary judgment, the failure to meet one's burden as to any one of the essential elements can be dispositive." *Kryder v. Kryder*, 9th Dist. Summit No. 25665, 2012-Ohio-2280, ¶ 30.

{¶9} "To invalidate a will, undue influence 'must so overpower and subjugate the mind of the testator as to destroy his free agency and make him express the will of another rather than his own, and the mere presence of influence is not sufficient.'" *Hutchison v. Kaforey*, 9th Dist. Summit No. 27761, 2016-Ohio-3541, ¶ 39, quoting *West v. Henry*, 173 Ohio St. 498, 501 (1962). "In addition, the '[u]ndue influence must be present or operative at the time of the execution of the will resulting in dispositions which the testator would not otherwise have made.'" *Id*.

{¶10} In his motion for summary judgment, Mr. Davies cited the deposition testimony of Ms. Becker's estate-planning attorney, Cynthia Mason. Attorney Mason testified that Ms. Becker retained her to create a new will because Ms. Becker wanted her grandson to inherit 50% of her estate. Attorney Mason testified that she met with Ms. Becker twice, and that Mr. Davies was briefly present for the first meeting only. At the first meeting, Mr. Davies introduced himself, indicated that he was fine with whatever Ms. Becker wanted to do, and left. Ms. Becker then expressed her wishes to Attorney Mason in the presence of one of her daughters (not Ms. Wallace) and her grandson, who also attended the meeting. Attorney Mason testified that Ms. Becker's intentions were clear, and that she knew exactly what she was doing. Attorney Mason also testified that Ms. Becker told her that she and Mr. Davies were considering getting remarried.

{¶11} After the first meeting, Attorney Mason drafted a will for Ms. Becker's review, and Ms. Becker came back to her office – along with her grandson and daughter – to sign the will. Attorney Mason and her secretary served as witnesses. Attorney Mason testified that Ms. Becker was competent to sign her will at that time.

{¶12} Mr. Davies relied upon Attorney Mason's testimony to support his position that there was no evidence of undue influence. In response to Mr. Davies's motion, Ms. Wallace

relied on a motion filed in Ms. Becker and Mr. Davies's divorce case. That motion, filed in January 2015 – two and one-half years before the execution of the 2017 Will – indicated that:

> [Ms. Becker] is a cancer patient who is not able to get up without intense pain and needs assistance in maintaining herself. She has relatives staying with her to assist her. Since [Mr. Davies] has been served with the Complaint, he has taken the keys to all the vehicles so if an emergency arises, [Ms. Becker] has no transportation. He refuses to assist [Ms. Becker] in any way, and arrives home from work inebriated. He is threatening to refuse to allow the relatives to remain in the home to help [Ms. Becker].

Ms. Wallace also asserted that Ms. Becker was on high levels of Morphine and pain medications at the time she executed the 2017 Will, but did not point to anything in the record to support that assertion. Ms. Wallace further asserted that, after Ms. Becker's death, Mr. Davies cashed a settlement check that Ms. Becker's children were entitled to, and impermissibly transferred Ms. Becker's home into his name.

{¶13} In granting summary judgment in favor of Mr. Davies, the probate court determined that there was no evidence that Ms. Becker was a susceptible party and, therefore, that no genuine issue of material fact remained as to whether she was unduly influenced. For the reasons that follow, this Court agrees.

{¶14} As previously noted, Mr. Davies's motion for summary judgment pointed to Attorney Mason's deposition testimony to support his position that there was no genuine issue of material fact regarding the issue of undue influence. This shifted the burden to Ms. Becker's children to demonstrate that a genuine issue of material fact did, in fact, exist. *Dresher*, 75 Ohio St.3d 280, at 293. In doing so, Ms. Becker's children were not permitted to "rest upon the mere allegations or denials in her pleadings," but instead were required to "point to or submit evidence of the type specified in Civil Rule 56(C)." *Lehmier v. W. Res. Chem. Corp.*, 9th Dist. Summit No. 29297, 2019-Ohio-4245, ¶ 15, citing *Dresher* at 293. The only evidence Ms. Wallace relied

upon was a motion from Ms. Becker and Mr. Davies's divorce case more than two years prior. While the motion referenced Ms. Becker's health issues and her relationship with Mr. Davies at the time of their divorce, it did not support a conclusion that, at the time she executed the 2017 Will over two years later, she was susceptible to undue influence. *Hutchison*, 2016-Ohio-3541, at ¶ 39, quoting *West*, 173 Ohio St. 498, at 501 (requiring undue influence to be "present or operative at the time of the execution of the will[.]"). Nor did Ms. Wallace's unsupported assertion that Ms. Becker was on high levels of pain medications at the time she executed the 2017 Will. *See Webster v. Davis*, 9th Dist. Wayne No. 10CA0021, 2011-Ohio-1536, ¶ 20 (noting that the non-moving party is "not permitted to rest upon mere allegations[,]" and is instead required to "point to or submit some evidentiary material that demonstrate[s] a genuine dispute over a material fact[.]"). Further, Ms. Wallace's reliance upon events that occurred after Ms. Becker's death (i.e., Mr. Davies cashing a settlement check and transferring Ms. Becker's home into his name), did not create a genuine issue of material fact as to whether Mr. Davies exerted undue influence over Ms. Becker at the time she executed the 2017 Will. *See Young*, 2013-Ohio-1223, at ¶ 32 (noting that events that occur after the testator's death "are not relevant to support a claim of undue influence[.]"). Lastly, to the extent that Ms. Wallace argues on appeal that a presumption of undue influence arose in this case in light of Mr. Davies's confidential and/or fiduciary relationship with Ms. Becker, Ms. Wallace did not raise that argument in her response to Mr. Davies's motion for summary judgment and, accordingly, cannot do so for the first time on appeal. *JPMorgan Chase Bank, Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12 ("Arguments that were not raised in the trial court cannot be raised for the first time on appeal.").

{¶15} Having reviewed the record, we cannot say that the probate court erred by determining that Ms. Wallace failed to meet her reciprocal burden of demonstrating that a genuine issue of material fact remained as to whether Ms. Becker was a susceptible party. It, therefore, follows that Ms. Wallace failed to establish that a genuine issue of material fact remained regarding the issue of undue influence. *See Kryder*, 2012-Ohio-2280, at ¶ 30 ("In the context of summary judgment, the failure to meet one's burden as to any one of the essential elements [of undue influence] can be dispositive."). Accordingly, we hold that the probate court did not err by granting summary judgment in favor of Mr. Davies. Ms. Wallace's assignment of error is overruled.

III.

{¶16} Ms. Wallace's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

CHARLES TYLER, SR., Attorney at Law, for Appellant.

NICHOLAS SCHNECKENBURGER, Attorney at Law, for Appellee.