RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 13a0160p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

JAMES C. JANOSEK; WELDED RING PRODUCTS
CO.,

                         *Plaintiffs-Appellants*,

       *v.*

CITY OF CLEVELAND; BARRY A. WITHERS,
                   *Defendants-Appellees*.

No. 12-4028

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:12-cv-00823—James S. Gwin, District Judge.

Decided and Filed: June 7, 2013

Before: MARTIN and COOK, Circuit Judges; GRAHAM, District Judge.[*]

_____

**COUNSEL**

**ON BRIEF:** Larry W. Zukerman, S. Michael Lear, Brian A. Murray, ZUKERMAN, DAIKER & LEAR, CO., L.P.A., Cleveland, Ohio, for Appellants. Joseph F. Scott, Awatef Assad, CITY OF CLEVELAND, DEPARTMENT OF LAW, Cleveland, Ohio, for Appellees.

_____

**OPINION**

_____

BOYCE F. MARTIN, JR., Circuit Judge. James C. Janosek sued the City of Cleveland over the apparent overbilling of Janosek's company, Welded Ring Products, Co., for its water use from 1999 to 2001. Janosek asserted four claims against the city: unjust enrichment, taking without just compensation in violation of the Ohio Constitution, negligence, and the deprivation of his federal due process rights. The

_____

[*]The Honorable James L. Graham, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

district court dismissed the case under Federal Rule of Civil Procedure 12(b)(6), holding that the statute of limitations barred Janosek's state claims and that Janosek's federal due-process claim had not identified a valid property interest. Janosek appealed. For the reasons that follow we **AFFIRM** the district court.

I.

Janosek owns a Cleveland-based company, Welded Ring Products, Co., that makes welded ring products for aircraft engines and other industries. Historically, Welded Ring used a large amount of water as a way of cooling the hydraulics used for its manufacturing, resulting in high water bills that Welded Ring paid to the City of Cleveland's Water Department, which controls the water supply in Cuyahoga County where Welded Ring is located.

While the date is not stated in either the briefs or the complaint, presumably in or before 1999 Janosek installed "six closed loop water chillers that he hoped would enable Welded Ring Products Co. to recapture the water it used to cool its hydraulics and thereby significantly decreas[e] its water consumption." Instead of seeing a decrease in his water bills' cost, Janosek continued to pay water bills in excess of $150,000 a year between 1999 and 2001. The water bills' cost did not decrease significantly until 2002, when they dropped to between $10,000 and $25,000 a year.

In October 2009, eight years after the drop in the water bills' costs, Janosek approached Cleveland's Law Department about the discrepancy in the water bills from 1999 to 2001, claiming that the Water Department overcharged him about $500,000 between 1999 and 2001, and billed him $36,000 for a water line that had been closed for more than ten years. Janosek believed that the Water Department's overbilling stemmed from a "practice and procedure of estimating the amount of water used and consumed by its customers based on said customer's prior usage and consumption," and thus did not accurately reflect its customers' water usage.[1] In response to Janosek's inquiries,

---

[1]As a result of complaints, in 2010 the City of Cleveland spent over $80 million to install new water meters with technology to automatically read water use.

the Law Department referred Janosek to the City of Cleveland's Moral Claims Commission.

The Moral Claims Commission was established by Cleveland Codified Ordinance section 155.01 to consider monetary claims against Cleveland that Cleveland is not legally obligated to pay. Cleveland, Ohio, Code § 155.02. Section 155.04 further states that the Moral Commission may award payment for a claim, but that the payment of any award is at the "discretion of the Commission as a matter of grace and not as a matter of right." Cleveland, Ohio, Code § 155.04(a). Janosek brought his claim to the Commission to consider. The Moral Commission held a hearing on March 25, 2010, having only notified the Water Department and not Janosek of the hearing's date and time. At the hearing the Moral Commission denied Janosek's claim saying "there was no moral obligation on the part of the City of Cleveland to pay Plaintiff's claims." Janosek received a letter from the Claims Examiner on March 31, 2010, that said the Moral Commission had held a hearing and had denied his reimbursement claim.

Janosek filed a complaint against the City of Cleveland in the Cuyahoga County Court of Common Pleas, which he later amended, arguing: unjust enrichment; taking without just compensation in violation of the Ohio Constitution Section 19, Article 1; and negligence. Janosek also brought a section 1983 action claiming a violation of his Fifth and Fourteenth Amendment rights to due process because the Moral Commission withheld notice of the date, time, and location of its hearing. The City removed the case to federal court and then moved to dismiss Janosek's claims. The district court ultimately dismissed Janosek's case for failure to state a claim under 12(b)(6), finding that Janosek's unjust enrichment, taking without just compensation, and negligence claims were barred by the statute of limitations, and that Janosek's due process claim failed because Janosek had not identified a valid property interest. Janosek appealed.

II.

We review de novo a district court's dismissal of a complaint for failure to state a claim under Rule 12(b)(6). *Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 451 (6th Cir. 2003) (citing *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997)). As part

of our analysis "we must construe the allegations of the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true, and decide whether the complaint contains sufficient facts to state a claim for relief that is plausible on its face." *U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 597 (6th Cir. 2013) (citing *Dudenhoefer v. Fifth Third Bancorp*, 692 F.3d 410, 416 (6th Cir. 2012)).

Janosek claims that the district court erred when it held that his claims were barred by the statute of limitations. He supports this claim only by saying that the district could not have determined from the face of his complaint whether his claims were time-barred because he did not specify a date on which he discovered the billing discrepancies. This argument is not persuasive, and the district court was correct when it dismissed the case.

Under Ohio law, an action against a political subdivision must be brought "within two years after the cause of action accrues." Ohio Rev. Code Ann. § 2744.04 (West). In general, a cause of action accrues at the time the wrongful act is committed. *Flagstar Bank, F.S.B. v. Airline Union's Mortg. Co.*, 947 N.E.2d 672, 675 (Ohio 2011). As the district court correctly noted, a claim accrued for Janosek's actions at the following times:

> For a claim of unjust enrichment, the wrongful act occurs at the time the benefit is conferred and retained unjustly. *See Desai v. Franklin*, 895 N.E.2d 875, 883 (Ohio Ct. App. 2008). For a claim of taking without just compensation, the wrongful act occurs at the time of the taking. *See Koe-Krompecher v. City of Columbus*, No. 05AP-697, 2005 WL 3316846, at *5 (Ohio Ct. App. Dec. 8, 2005). For a claim of negligence, the wrongful act generally occurs at the time of the negligent conduct. *See Collins v. Sotka*, 692 N.E.2d 581, 584 (Ohio 1998).

Janosek does not argue that there is a special discovery rule that could change the time of accrual,[2] he merely asserts that there are not enough dates in the complaint for a district court to decide whether his claims were time-barred.

---

[2]Any doubt about Janosek's discovery of the issue is extinguished by his own allegations that Welded Ring's water bills dropped from around $150,000 a year in 2001 to between $10,000 and $25,000 in 2002, a drop in costs that would be hard to miss.

Janosek's complaint states that "from 1999 through 2001, the Water Department overcharged the Plaintiff Welded Ring approximately $500,000," and further billed Welded Ring $36,000 for a long-closed water line.  Thus, Janosek's causes of action started accruing at the latest in 2001.  Janosek did not file a complaint in this case until 2010, nine years after Welded Ring had been over-billed.  The face of Janosek's complaint provides enough information to determine that his claims were brought long past the two-year statute of limitations.  Janosek's unjust enrichment, taking without just compensation, and negligence claims are time-barred.

III.

Janosek next argues that the district court erred when it dismissed his federal due process claims by holding that Janosek had not alleged a protected liberty or property interest.  Janosek says that the district court erred when it neglected to consider "the fact that the City of Cleveland afforded him a Moral Claims Commission Hearing which should have presented him with an opportunity to be awarded money from the City for its unlawful taking . . . ."  He further argues that the Moral Commission's scheduling of a hearing to consider his claim is further evidence that Janosek had a protected property interest in the subject matter of the hearing.  This argument fails.

Procedural due process protections only apply to property and liberty interests recognized by the Fifth and Fourteenth Amendments.  *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972).  To succeed on his claim, Janosek must establish the existence of a legitimate claim of entitlement, not merely state "[a]n abstract need or unilateral expectation." *Richardson v. Twp. of Brady*, 218 F.3d 508, 517 (6th Cir. 2000). A government entitlement is not provided due process protections if "government officials may grant or deny it in their discretion." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005); *Richardson*, 218 F.3d at 517.  Nor may a plaintiff assert a property right in government procedures themselves. *Richardson*, 218 F.3d at 517–18.

Any legitimate property interests that Janosek had in the overpayment of water bills lapsed once the statute of limitations ran.  That the Moral Commission agreed to a

hearing does not demonstrate that Janosek had an interest in the subject matter of the hearing.  The entitlement to the hearing was entirely discretionary because the sole purpose of the Commission is to consider monetary claims that Cleveland is not legally required to pay.  Furthermore, as the Ohio ordinance establishes, the Commission "may fix an award for the payment of the claim . . . in the discretion of the Commission as a matter of grace and not as a matter of right."  Cleveland, Ohio, Code § 155.04(a).  We agree that the Commission inappropriately failed to notify Janosek of the time and date of the hearing, but unfortunately this is not enough to create a property interest in this case.

IV.

We AFFIRM the district court.