[Cite as *Breazeale v. Infrastructure & Dev. Eng., Inc.*, 2023-Ohio-4046.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| GRANT BREAZEALE, | : | APPEAL NO. C-230172 |
| and | : | TRIAL NO. A-2102849 |
| DANA BREAZEALE, | : | *O P I N I O N.* |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| INFRASTRUCTURE & | : | |
| DEVELOPMENT ENGINEERING, INC., | : | |
| Defendant-Appellee. | : | |

Civil Appeal From:    Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: November 8, 2023


*Ulmer & Berne LLP*, *Jason P. Conte* and *Jason A. Snyder*, for Plaintiffs-Appellants,

*Reminger Co., LPA*, and *B. Scott Jones*, for Defendant-Appellee.

**KINSLEY, Judge.**

**{¶1}** Plaintiffs-appellants Grant and Dana Breazeale appeal from the trial court's grant of summary judgment in favor of defendant-appellee Infrastructure & Development Engineering, Inc., ("IDE"). The Breazeales argue the trial court erred in finding their claims were time-barred, because the discovery rule tolled the statute of limitations. They make a compelling case for why the policy underlying the discovery rule should apply to homeowners like them, given that professional negligence in construction design may not be discovered or even discoverable until well after the existing statute of limitations has run. But given the Ohio Supreme Court's well-established precedent that the discovery rule is inapplicable to professional negligence claims, we must follow the law that compels the result the trial court reached: the Breazeales are out of time to pursue a professional negligence case against IDE. We therefore reluctantly overrule the Breazeales' assignment of error and affirm the judgment of the trial court.

### *Factual and Procedural Background*

**{¶2}** In 2015, IDE performed a geotechnical investigation in connection with a proposed home development. IDE certified that a registered professional oversaw all earthwork at the property and that all earthworks were constructed in accordance with the approved plans and recommendations in IDE's geotechnical report.

**{¶3}** The Breazeales purchased the property in March 2017. After the purchase, the Breazeales used another contractor to install an inground pool, additional retaining walls, and other landscaping. In March 2021, a landslide developed on the northwest side of the property, which required emergency stabilization of the home's foundation. In addition to damaging the foundation of the

home, this landslide also damaged the interior of the home, the yard, the landscaping, utilities, the retaining walls, and the pool.

{¶4} The Breazeales filed their complaint against IDE in August 2021, alleging professional and gross negligence. Both claims alleged that IDE had breached the standard of care owed by geotechnical engineers. IDE moved for summary judgment arguing the Breazeales' claims were barred by the economic loss rule and the statute of limitations in R.C. 2305.09(D). The trial court granted summary judgment in favor of IDE, which the Breazeales appealed. On appeal, this court held that the Breazeales' claims were not barred by the economic loss rule and remanded the cause for further proceedings, without reaching the applicability of the statute of limitations in R.C. 2305.09(D). *See Breazeale v. Infrastructure & Dev. Eng., Inc.*, 1st Dist. Hamilton No. C-220206, 2022-Ohio-4601, ¶ 13, 16.

{¶5} nt, arguing that the Breazeales' claims were barred by the four-year statute of limitations in R.C. 2305.09(D). The Breazeales argued that the discovery rule applied, meaning their claims accrued at the time the alleged negligence was discovered in 2021 and not at the time of the alleged negligent act in 2015. The trial court again granted summary judgment in favor of IDE, finding that the discovery rule was not applicable to professional negligence claims. The trial court also found that the Breazeales' gross negligence claim was predicated on the same allegedly negligent conduct by IDE, which relied upon the professional standard of care, and was therefore similarly time-barred.

{¶6} The Breazeales now appeal.

### *Standard of Review*

{¶7} Summary judgment decisions are reviewed de novo. *Al Neyer, LLC v. Westfield Ins. Co.*, 2020-Ohio-5417, 163 N.E.3d 106, ¶ 13 (1st Dist.). Summary judgment is proper under Civ.R. 56(C) where "(1) no genuine issue of material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Civ.R. 56(C); *see Al Neyer, LLC* at ¶ 14. The moving party has the initial burden of informing the court of the basis for the motion and identifying the portions of the record that set forth specific facts demonstrating entitlement to summary judgment. *Al Neyer, LLC* at ¶ 15. If the moving party fails to meet its burden, summary judgment is not appropriate. *Id.*

### *Discovery Rule*

{¶8} Because the Breazeales allege professional and gross negligence claims against IDE, they were required to bring these claims within four years after they accrued pursuant to R.C. 2305.09(D). Given IDE completed its geotechnical work on the property in September 2015, the Breazeales had until September 2019 to bring their claims against IDE. The Breazeales, however, did not file their complaint until August 2021, and their claims were therefore untimely, unless the discovery rule applied.

{¶9} We explained the discovery rule in *Chateau Estate Homes v. Fifth Third Bank*:

As a general rule, a cause of action accrues at the time the wrongful act is committed. An exception to the general rule is the discovery rule. It provides that a cause of action does not arise until the plaintiff knows, or by the exercise of reasonable diligence should know, that he or she has been injured by the defendant's conduct. The discovery rule tolls the running of the statute of limitations.

(Citations omitted.) *Chateau Estate Homes v. Fifth Third Bank*, 2017-Ohio-6985, 95 N.E.3d 693, ¶ 13 (1st Dist.).

{¶10} The Ohio Supreme Court has broadly rejected the applicability of the discovery rule to professional negligence claims without regard to the underlying nature of the profession. While the court initially declined to apply the discovery rule to professional negligence claims specifically against accounts in *Investors REIT One v. Jacobs*, 46 Ohio St.3d 176, 546 N.E.2d 206 (1989), its holding in *Flagstar Bank, F.S.B. v. Airline Union's Mtge. Co.*, 128 Ohio St.3d 529, 2011-Ohio-1961, 947 N.E.2d 672, was more generic. There, the court held that "[a] cause of action for professional negligence accrues on the date that the negligent act is committed, and the four-year statute of limitations commences on that date." *Id.* at syllabus.

{¶11} Courts have applied this rule to the design professions in cases involving real property damage. One such example is *Life Time Fitness, Inc. v. Chagrin Valley Eng. Ltd.*, N.D.Ohio No. 1:13-cv-566, 2014 U.S. Dist. LEXIS 168216 (Dec. 4, 2014). There, the defendant designed a parking lot in 2008 and construction of the parking lot was completed in 2009. *Id.* at 2. The plaintiff filed a complaint against the defendant in 2013 after noticing defects in the parking lot beginning in 2010. *Id.* Though the plaintiff argued that the cause of action did not accrue until the damage

5

occurred, the court held that "claims for professional negligence against engineers for design services accrue at the time the negligent act was complete," meaning when "the engineering design was complete." *Id.* at 5, 8. Relying on *Life Time Fitness*, the court in *Varwig v. JA Doyle LLC*, 6th Dist. Lucas No. L-22-1035, 2023-Ohio-210, ¶ 33, *rev'd on reconsideration on other grounds*, 6th Dist. Lucas No. L-22-1035, 2023-Ohio-2251, *appeal not accepted*, 2023-Ohio-3670, 2023 Ohio LEXIS 1982, similarly held that the discovery rule was inapplicable to negligent design and supervision claims in a residential construction dispute.

{¶12} The Breazeales argue that despite this well-established precedent, the Ohio Supreme Court's decision in *Harris v. Liston*, 86 Ohio St.3d 203, 714 N.E.2d 377 (1999), carved out an exception for the applicability of the discovery rule to professional negligence claims when damage to real property is involved. In *Harris*, the court held that the discovery rule tolled the statute of limitations for an ordinary negligence action against a developer-vendor of real property for damage to the property. *Id.* at 207.

{¶13} While we agree that *Harris* allows for application of the discovery rule to ordinary negligence claims involving latent damage to real property, we cannot extend this holding to professional negligence claims in light of the Ohio Supreme Court's clear holding in *Flagstar*, which was decided years after *Harris*. Unlike its holding in *Investors REIT One*, which was limited to professional negligence claims against accountants, the court unequivocally held in *Flagstar* that, "A cause of action for professional negligence accrues when the act is committed." *Flagstar*, 128 Ohio St.3d 529, 2011-Ohio-1961, 947 N.E.2d 67, at ¶ 27. Importantly, because the court did

not distinguish between professions in its holding, we can assume that it was intended to broadly apply to all kinds of professional negligence.

{¶14} Further, the court in *Flagstar* reiterated its reasoning from *Investors REIT One* that the General Assembly elected not to include professional negligence claims within the discovery rule allowance in R.C. 2305.09. (Citations omitted.) *Id.* at ¶ 16, citing *Investors REIT One*, 46 Ohio St.3d 176, 546 N.E.2d 206, at paragraph 2a of the syllabus. Applying this reasoning here, the General Assembly could have, but did not, create an exception to the nonapplicability of the discovery rule for professional negligence claims involving damage to real property, just as it did for certain trespass, conversion, and fraud claims. *See Investors REIT One* at 181 ("The legislature's express inclusion of a discovery rule for certain torts arising under R.C. 2305.09, including fraud and conversion, implies the exclusion of other torts arising under the statute, including negligence."). Legislative silence on the matter actually speaks volumes here, and we interpret the exclusion of professional negligence claims from the list of enumerated torts to which the discovery rule applies in R.C. 2305.09 as a reasoned legislative judgment that those claims should accrue at the time they occur, and no later.

{¶15} We acknowledge the Breazeales' legitimate concerns regarding the potential delay in discovering defects in real property. As the Breazeales point out, construction projects often last more than four years, and by the time of occupancy, the statute of limitations to address a design professional's negligence has already expired in these cases. It is unclear as to whether the Ohio Supreme Court considered this problematic outcome when it decided *Flagstar*, but until it does, we are bound by

the well-established precedent that the discovery rule is inapplicable to professional negligence claims.

{¶16} Accordingly, we hold that the allegedly negligent act was complete when IDE completed its engineering design. Once IDE finished its geotechnical work on the Breazeales' home in September 2015, the Breazeales' claims against IDE began to accrue. Because the Breazeales filed their complaint against IDE nearly three years after the statute of limitations in R.C. 2305.09(D) had expired, their professional negligence claim is time-barred.

{¶17} Further, we hold the same as to the Breazeales' gross negligence claim. The Breazeales' professional and gross negligence claims are both rooted in an alleged violation of IDE's duty to exercise the reasonable skill and care of a competent geotechnical engineer. As the trial court noted in its order granting summary judgment in favor of IDE, the only difference between the two claims is the degree to which IDE allegedly violated its professional duty. Thus, the trial court properly treated the Breazeales' gross negligence and professional negligence claims as the same when considering the applicability of the statute of limitations in R.C. 2305.09(D). We agree with the trial court's reasoning and apply it again here. The Breazeales' gross negligence claim is predicated on the same allegedly negligent conduct by IDE as their professional negligence claim and is therefore also time-barred.[1]

---

[1] In reaching this holding, we do not mean to imply that the discovery rule is never applicable to gross negligence claims involving damage to real property. But here, the Breazeales' professional and gross negligence claims are rooted in the same allegedly negligent conduct. We therefore treat the Breazeales' gross negligence claim the same as their professional negligence claim when applying the statute of limitations in R.C. 2305.09(D).

**{¶18}** Accordingly, we hold that the trial court did not err in concluding that the discovery rule was inapplicable to the Breazeales' claims and granting summary judgment in favor of IDE.

### *Statute of Repose*

**{¶19}** The Breazeales also argue that the statute of repose in R.C. 2305.131(A)(1) bolsters their argument that the discovery rule is applicable to professional negligence claims. Specifically, the Breazeales argue that the ten-year statute of repose in R.C. 2305.131(A)(1) implies that the four-year statute of limitations in R.C. 2305.09(D) may be tolled by the discovery rule.

**{¶20}** R.C. 2305.131(A)(1) provides that:

no cause of action to recover damages for bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property and no cause of action for contribution or indemnity for damages sustained as a result of bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property shall accrue against a person who performed services for the improvement to real property or a person who furnished the design, planning, supervision of construction, or construction of the improvement to real property later than ten years from the date of substantial completion of such improvement.

**{¶21}** While "[s]tatutes of limitations emphasize plaintiffs' duty to diligently prosecute known claims," "[s]tatutes of repose * * * emphasize defendants' entitlement to be free from liability after a legislatively determined time." (Citations omitted.)

9

*Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, ¶ 10. "In light of those differences, statutory schemes commonly pair a shorter statute of limitations with a longer statute of repose." *Id.* Further, when "a statute of repose and statute of limitations are applicable to a cause of action, the action must not only be filed within the period of repose, but also within the specified limitation period after the action accrues." *Armburst v. United Tel. Co.*, 119 Ohio App.3d 497, 500, 695 N.E.2d 823 (12th Dist.1997), fn.2. Therefore, when the statute of limitations on a claim expires, it cannot be saved by a longer statute of repose.

{¶22} Here, the statute of limitations had already expired by the time the Breazeales brought their claims against IDE. The statute of repose in R.C. 2305.131(A)(1) therefore does not save the Breazeales' claims. Their claims needed to brought within the period allowed by the statute of repose *as well as* the statute of limitations. Because they were not, their claims are now time-barred.

{¶23} Further, R.C. 2305.131(A)(1) was enacted in part to protect the interests of design professionals. The General Assembly noted that this statute was intended to "preclude the pitfalls of stale litigation" and to address concerns of design professionals such as lack of control over an improvement, intervening causes, and availability of evidence and witnesses with the passage of time. *Bd. of Ed. Tuslaw Local School Dist. v. CT Taylor Co.*, 2019-Ohio-1731, 135 N.E.3d 1162, ¶ 19-20 (5th Dist.).

{¶24} In this way, R.C. 2305.131(A)(1) does not bolster, but rather, weakens the Breazeales' position. Because R.C. 2305.131(A)(1) was enacted in part to protect the interests of design professionals from stale litigation, it cannot be used to imply

that the discovery rule is applicable to professional negligence claims relating to damage to real property which is not immediately discoverable.

{¶25} Therefore, we hold that the Breazeales' claims needed to be brought within the period of repose *and* within the limitations period. Because the Breazeales failed to do so, their claims are now time-barred. Accordingly, we overrule the Breazeales' assignment of error and affirm the judgment of the trial court.

### *Conclusion*

{¶26} For the foregoing reasons, we hold that the discovery rule is inapplicable to all professional negligence claims, including claims involving damage to real property. We further hold that a professional negligence claim involving a design defect must be brought within both the statute of limitations in R.C. 2305.09(D) and the statute of repose in R.C. 2305.131(A)(1).

{¶27} Because the Breazeales' negligence claims expired under the statute of limitations in R.C. 2305.09(D) before they filed their complaint against IDE, their claims were time-barred. The trial court therefore did not err in granting summary judgment in favor of IDE. Thus, the Breazeales' assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.


**ZAYAS, P.J.,** concurs in judgment only. **BOCK, J.,** concurs separately.

**BOCK, J.,** concurring,

{¶1} I write separately to emphasize that although we are compelled to follow precedent set by the Supreme Court of Ohio, the result is unjust.

{¶2} The Breazeales did not discover, and could not reasonably have discovered, IDE's alleged negligence within the limitations period. After all, the Breazeales' real property suffered no damage until approximately six years after IDE completed its geotechnical engineering work and two years after the limitations period had expired.

{¶3} Disallowing a discovery rule for professional negligence affecting real property could have wide-ranging implications in our state. Echoing the majority opinion, construction projects may last years. Imagine, for example, that an architect designs a multi-million-dollar high rise that will house businesses and hundreds of people. Four years and a day after the architect completes the design, the owners take occupancy, not knowing of a latent defect that will ultimately cause their investment to be worthless. By the time the businesses and homeowners take occupancy, they have lost their opportunity to recoup their losses and hold the negligent party responsible.

{¶4} Instituting a rule that provides real-estate buyers the opportunity to hold accountable negligent professionals based on discovery of the negligence would still be subject to the statute of repose. This provides a balance—plaintiffs are still required to bring an action within four years of discovering professional negligence that damages real property, but professionals can be assured that they are free from liability for acts occurring more than a decade ago.

{¶5} I noted that the Supreme Court of Ohio has never directly confronted this narrow issue—where professional negligence causes damage to real property. But based on the broad holding in *Flagstar Bank*, Ohio St.3d 529, 2011-Ohio-1961, 947 N.E.2d 672, I agree that the Breazeales are time barred from bringing their claim. I

am deeply troubled, however, that property owners can be time barred from bringing a claim against a negligent professional even before they take occupancy of the real property. I believe this is an unintended consequence of the Supreme Court's precedent and look forward to seeing how the law in this area develops.

Please note:

The court has recorded its own entry on the date of the release of this opinion.